1  Bryan J. Freedman, Esq. (SBN 151990)
    bfreedman@ftllp.com
2  Jesse A. Kaplan, Esq. (SBN 255059)
    jkaplan@ftllp.com
3  FREEDMAN + TAITELMAN, LLP
   1901 Avenue of the Stars, Suite 500
4  Los Angeles, CA  90067
   Telephone: (310) 201-0005
5  Facsimile: (310) 201-0045

6  Attorneys for Defendant United Talent Agency, Inc.

7

8             UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 | DOUGLAS JORDAN-BENEL, an individual, | Case No.: CV 14-5577-MWF (MRW) |
12 |  | [Assigned to: Hon. Michael W. Fitzgerald] |
13 | Plaintiff, v. |  |
14 | UNIVERSAL CITY STUDIOS, INC., a Delaware corporation; | **DEFENDANT UNITED TALENT AGENCY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
15 | UNITED TALENT AGENCY, INC., a California corporation; |  |
16 | BLUMHOUSE PRODUCTIONS, LLC, a Delaware Limited Liability Company; OVERLORD PRODUCTIONS LLC, a California Limited Liability Company; PLATINUM DUNES PRODUCTIONS, a California Corporation; WHY NOT PRODUCTIONS, INC. d/b/a WHY NOT FILMS, a Nevada Corporation; JAMES DEMONACO, an individual, and DOES 1 to 50, inclusive, |  |
17 |  |  |
18 |  |  |
19 |  | Date: January 5, 2015 Time: 10:00 a.m. Place: Court Room 1600 |
20 |  |  |
21 |  |  |
22 |  | Action Filed: October 10, 2014 |
23 | Defendants. |  |

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS**

PLEASE TAKE NOTICE THAT, defendant United Talent Agency, Inc. ("UTA"), will move this honorable Court on January 5, 2015, at 10:00 a.m. at the United States District Court for the Central District of California, located at 312 North Spring Street Los Angeles, CA 90012, Courtroom 1600, before the Honorable Michael W. Fitzgerald, for an order dismissing the First Amended Complaint's (the "FAC") fourth claim for Breach of Implied-In- Fact Contract pursuant to Federal Rule of Civil Procedure 12(b)(6).

The FAC fails to state a claim against UTA for breach of implied-in-fact contract. The FAC fails to adequately and plausibly allege the existence of an implied contract between plaintiff Douglas Jordan-Benel ("Plaintiff") and UTA. The FAC also fails to allege that UTA actually used Plaintiff's idea(s).

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which occurred on November 18, 2014.

Dated: November 25, 2014                    FREEDMAN + TAITELMAN, LLP

By: _____/s/_____
Bryan J. Freedman
Jesse A. Kaplan
Attorneys for Defendant
United Talent Agency, Inc

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS**

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................... 1

II.  RELEVANT FACTUAL ALLEGATIONS ..................................................... 2

III. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR BREACH OF
     IMPLIED-IN-FACT CONTRACT ................................................................ 3

  A. The *Twombly-Iqbal* Plausibility Standard. ...................................... 4

  B. The FAC Fails to Allege the Formation of an Implied Contract Whereby UTA
     Would Purchase *Settlers' Day*. ...................................................... 5

  B.  The FAC Does Not Adequately Allege UTA's Use of *Settler's Day*. ............ 7

IV.  CONCLUSION ........................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, (2009) ............................................................... 4, 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................. 4

*Desny v. Wilder*, 46 Cal.2d 715, 299 P.2d 257 (1956) .......................... 1, 2, 3, 4, 6, 7

*Faris v. Enberg*, 97 Cal.App.3d 309, 318, 158 Cal. Rptr. 704 (1979) ..................... 6

*Grosso v. Miramax Film Corp.*, 383 F.3d 965 (9th Cir. 2004) ................................ 3

*Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) ........... 4

*Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ................................ 5

*Mann v. Columbia Pictures, Inc.*, 128 Cal.App. 3d 628, 647, 180 Cal. Rptr. 522 (1982) ........................................................................................................... 6, 7

*Montz v. Pilgrim Films & TV, Inc.*, 649 F.3d 975 (9th Cir. 2011) ........................... 6

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) ..................................... 5

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) ..................................................... 4

*Spinner v. American Broadcasting Companies, Inc.*, 215 Cal.App.4th 172, 155 Cal. Rptr. 3d 32 (2013) ........................................................................................ 6, 7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007) ............................................................................................. 5

**Statutes**

Fed.R.Civ.P. 12(b)(6) ............................................................................................. 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In addition to various claims for Copyright Infringement, Plaintiff Douglas Jordan-Benel ("Plaintiff") has asserted an "idea submission" or "*Desny*" claim against various entities in the entertainment industry, including defendant United Talent Agency ("UTA"). In conclusory form, Plaintiff vaguely alleges that he entered into an implied contract whereby all defendants, including UTA, agreed to pay Plaintiff for the alleged use of Plaintiff's *Settler's Day* script in connection with the production of the motion picture entitled *The Purge*. Plaintiff, however, has failed to allege sufficient plausible facts to state a claim for breach of implied contract with a talent and literary agency such as UTA.[1]

First, absent from Plaintiff's First Amended Complaint (the "FAC") are sufficiently plausible allegations that Plaintiff formed an implied contract with UTA. *See Desny v. Wilder*, 46 Cal.2d 715, 731–732, 299 P.2d 257 (1956). Specifically, Plaintiff has failed to allege facts that he disclosed *Settler's Day* <u>for sale to UTA</u> and that that he clearly conditioned his disclosure of *Settler's Day* on <u>UTA's</u> payment for any alleged use of that script. As a matter of law, mere allegations that Plaintiff's manager submitted Plaintiff's *Settler's Day* script to talent agents at UTA is grossly insufficient to satisfy the requirement that there was a bilateral understanding that UTA was purchasing *Settler's Day*.

Second, the absence of any allegations, let alone plausible allegations, that UTA used *Settler's Day* is equally fatal to Plaintiff's claim for breach of implied contract. Critically, the FAC alleges that various other defendants, not UTA, produced and/or distributed *The Purge*. At most, Plaintiff alleges that UTA somehow "transmitted" *Settler's Day* to the defendant who wrote *The Purge's* shooting script. Such alleged transmission of a script by a talent agency to its

---

[1] This is not to suggest that Plaintiff has adequately alleged a claim for breach of implied contract against any of the other defendants.

**1**

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS**

client, however, would not impose contractual liability on the agency under *Desny*.

## II. RELEVANT FACTUAL ALLEGATIONS

Plaintiff allegedly authored a screenplay entitled "*Settler's Day*" in January 2011 ("*Settler's Day*"). (FAC, ¶ 16). In July 2011, his manager allegedly "submitted" two screenplays, including *Settler's Day*, to UTA by e-mail. (FAC, ¶ 19, Ex. C). Specifically, on July 8, 2011, Plaintiff's manager allegedly sent an e-mail to Emerson Davis of UTA attaching two screenplays. (FAC, Ex. C). In that e-mail, Plaintiff's manager stated that he was "very pleased to recommend to UTA this talented and prolific feature film screenwriter and comic book author who splits his time between Switzerland and LA." (FAC, Ex. C). Plaintiff's manager further indicated that one of the two screenplays attached to the July 8th e-mail had previously been "sold." Several days later, Davis at UTA sent Plaintiff's manager an e-mail indicating that he had read both screenplays and "did not strongly respond to either script." (FAC, Ex. C). An alleged copy of this e-mail chain is attached as an exhibit to the FAC. (FAC, ¶ 20, Ex. C).

The FAC further alleges upon information and belief, that another agent at UTA, Charles Ferraro ("Ferraro"), represented defendant James DeMonaco ("DeMonaco") and that UTA was DeMonaco's "[literary] agency." (FAC, ¶¶ 21, 24, 33). UTA allegedly "<u>transmitted</u>" *Settler's Day* to DeMonaco. (FAC, ¶¶ 24, 33). In turn, DeMonaco allegedly "copied from [*Settler's Day*] substantially." (FAC, ¶ 33). Plaintiff alleges that the core plot and story of Plaintiff's screenplay were stolen to create the feature film entitled "*The Purge*" ("*The Purge*"), which was released in June 2013. (FAC, ¶¶ 23, 51). DeMonaco was allegedly credited with writing and directing *The Purge*. (FAC, ¶¶ 24, 39).

According to the FAC, defendants Universal Studios Inc. ("Universal"), Blumhouse Productions LLC, Overlord Productions LLC, Platinum Dunes Productions, and Why Not Productions, Inc. (collectively, the "Producer

**2**

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS**

Defendants") produced *The Purge*. (FAC, ¶ 26). Universal allegedly distributed *The Purge*. (FAC, ¶ 26). Indeed, the FAC alleges that the Producer Defendants, not UTA, "<u>utilized</u>" DeMonaco's shooting script "[t]o produce *The Purge*." (FAC, ¶ 45) (emphasis added). Plaintiff claims that *The Purge* and its shooting script utilized Plaintiff's key ideas from *Settler's Day*. (FAC, ¶ 62).

Despite allegations that defendants, other than UTA wrote, produced and distributed *The Purge*, in conclusory form, the FAC amorphously alleges the existence of some implied contract between the Plaintiff and all Defendants: "By virtue of Defendants' acceptance and utilization of Plaintiff's services and ideas, an agreement was implied-in-fact to pay Plaintiff the reasonable value of those services and to credit Plaintiff as creator and/or executive producer thereof, and to employ Plaintiff in connection therewith consistent with custom and practice in the entertainment industry." (FAC, ¶ 63).

### III. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR BREACH OF IMPLIED-IN-FACT CONTRACT

Generally, there is no property right in an idea. *See Desny*, 46 Cal.2d at 731–732. California's Supreme Court, however, has recognized that there may, under certain circumstances, be either an express or implied contract concerning the defendant's use of the plaintiff's idea. *See Desny*, 46 Cal.2d at 733-734. In certain circumstances, the plaintiff's <u>initial disclosure of an idea can serve as consideration for defendant's promise of payment for that idea if used</u>. *See Desny*, 46 Cal.2d at 733 ("That disclosure may therefore be consideration for a promise to pay . . . ."); *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 967 (9th Cir. 2004). A *Desny* implied contract "is justified on the theory that the bargain is not for the idea itself, but for the services of conveying that idea." *Grosso*, 383 F.3d at 967; *Desny*, 46 Cal.2d at. at 737-38 ("[C]onveyance of an idea can constitute valuable consideration and can be bargained for <u>before</u> it is disclosed to the proposed

**3**

purchaser, but once it is conveyed, i.e., disclosed to him and he has grasped it, it is henceforth his own and he may work with it and use it as he sees fit.") (emphasis added). Accordingly, an implied right to compensation may exist when a plaintiff submits material to a defendant with the pre-disclosure mutual understanding that the plaintiff will be compensated if the defendant uses the plaintiff's idea. *See Desny*, 46 Cal.2d at 739.

Here, Plaintiff has failed to allege facts, let along plausible facts, supporting either the formation of an implied agreement, in particular with UTA, or that UTA actually used *Settler's Day*.

### A.   The *Twombly-Iqbal* Plausibility Standard.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

The plausibility standard articulated in *Twombly* and *Iqbal* requires that a complaint plead facts demonstrating "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949.  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief.")

To determine whether a complaint states a claim sufficient to withstand dismissal, a court considers the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007*); Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1950.

**B.**     **The FAC Fails to Allege the Formation of an Implied Contract Whereby UTA Would Purchase *Settlers' Day*.**

Plaintiff has failed to adequately allege facts supporting the bald conclusion that Plaintiff and UTA entered into an implied contract whereby there was a mutual understanding that UTA would purchase *Settlers' Day*.  Specifically, Plaintiff has

**5**

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS**

failed to allege facts that he disclosed *Settler's Day* <u>for sale to UTA</u>, that he conditioned his disclosure of *Settler's Day* on <u>UTA's</u> payment for any use of that idea, <u>UTA</u> knew or should have known of that condition, and, in turn, <u>UTA</u> voluntarily accepted Plaintiff's alleged submission with knowledge of his condition of payment. *See Mann v.Columbia Pictures, Inc.*, 128 Cal.App. 3d 628, 647 n.6, 180 Cal. Rptr. 522 (1982); *Faris v. Enberg*, 97 Cal.App.3d 309, 318, 158 Cal. Rptr. 704 (1979). Critically, Plaintiff must have "clearly conditioned" his disclosure of *Settler's Day* on an obligation <u>by UTA</u> to pay for its use. *See Desny*, 46 Cal.2d at 739; *Mann*, 128 Cal.App.3d at 646; *Spinner v. American Broadcasting Companies, Inc.*, 215 Cal.App.4th 172, 155 Cal. Rptr. 3d 32 (2013). That the FAC alleges that *Settler's Day* was provided to UTA is grossly insufficient as a matter of law. *See Desny,* 46 Cal.2d at 739. ("The law will not imply a promise to pay for an idea from <u>the mere facts that the idea has been conveyed</u>, is valuable, and has been used for profit; this is true even though the conveyance has been made with the hope or expectation that some obligation will ensue.") (emphasis added). Rather, there must be a "bilateral understanding of payment" for the plaintiff's disclosure of his idea. *Montz v. Pilgrim Films & TV, Inc.*, 649 F.3d 975, 976 (9th Cir. 2011).

Here, the FAC vaguely concludes, without any factual allegations, the existence of an implied agreement between Plaintiff and all defendants, including UTA. (FAC, ¶ 63). This, however, is nothing more than the kind of "mere conclusory statements" that the Supreme Court found to be insufficient in *Iqbal* and *Twombly*. *Iqbal*, 556 U.S. at 678. Notably, the FAC fails to allege facts supporting any of the elements that would be required to support a *Desny* claim. Certainly, Plaintiff has failed to allege any factual allegations, let alone plausible allegations, that Plaintiff submitted *Settler's Day* to UTA for the purpose <u>of selling that script to UTA</u> and that the disclosure of that script was clearly conditioned <u>on UTA's agreement to pay</u> for *Settler's Day* if used by UTA. Simply put, there are no

plausible factual allegations why UTA, a talent agency, would be purchasing *Settler's Day*, at least on its own behalf. Indeed, the FAC alleges that defendants other than UTA produced and distributed *The Purge*. (FAC, ¶¶ 26, 45). Accordingly, absent from the FAC are any factual allegations that would support the conclusion that UTA and Plaintiff entered into an implied contract concerning payment for use of *Settler's Day*.

### B. The FAC Does Not Adequately Allege UTA's Use of *Settler's Day*.

Equally fatal to Plaintiff's claim for breach of implied contract is the absence of any allegations, let along plausible allegations, that UTA actually used any of the ideas or content that Plaintiff allegedly submitted to UTA. To prevail on a cause of action for breach of an implied contract in a *Desny* case, among other things, Plaintiff must demonstrate that UTA actually used Plaintiff's idea. *See Spinner*, 215 Cal.App.4th at 184; *Mann*, 128 Cal.App.3d at 646–647.

Here, conspicuously absent from the FAC are any factual allegations that UTA itself actually used any ideas or content from *Settler's Day*. Again, the FAC alleges that the Producer Defendants, not UTA, produced the Purge. (FAC, ¶ 26). The FAC alleges that the Producer Defendants, not UTA, "utilized" DeMonaco's shooting script "[t]o produce *The Purge*." (FAC, ¶ 45). The FAC alleges that Universal, not UTA, distributed *The Purge*. (FAC, ¶ 26). Indeed, the FAC alleges that defendant other than UTA directly infringed on *Settlers' Day*. (FAC, ¶¶ 38-49, 53).

At most, Plaintiff alleges that UTA, as DeMonaco's agency, "transmitted" *Settler's Day* to DeMonaco who allegedly copied from *Settler's Day*. (FAC, ¶¶ 24, 33, 54). It is unclear, however, why the alleged transmission of *Settler's Day* or the alleged agency relationship with DeMonaco would satisfy the use requirement.

/ / /

/ / /

## IV. CONCLUSION

UTA respectfully requests that the FAC's fourth claim for breach of implied-in fact-contract be dismissed under F.R.C.P 12(b)(6).

Dated: November 25, 2014                         FREEDMAN + TAITELMAN, LLP

By: _____/s/_____
Bryan J. Freedman
Jesse A. Kaplan
Attorneys for Defendant
United Talent Agency, Inc.

**8**

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS**