1   Bryan J. Freedman, Esq. (SBN 151990)
       bfreedman@ftllp.com
2   Jesse A. Kaplan, Esq. (SBN 255059)
       jkaplan@ftllp.com
3   FREEDMAN + TAITELMAN, LLP
    1901 Avenue of the Stars, Suite 500
4   Los Angeles, CA  90067
    Telephone: (310) 201-0005
5   Facsimile: (310) 201-0045

6   Attorneys for Defendant United Talent Agency, Inc.

7

8                   UNITED STATES DISTRICT COURT

9             FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  DOUGLAS JORDAN-BENEL, an          )  Case No.:  CV 14-5577-MWF (MRW)
    individual,                       )
12                                    )  [Assigned to:  Hon. Michael W.
                 Plaintiff,           )  Fitzgerald]
13                  v.                )
                                      )  DEFENDANT UNITED TALENT
14  UNIVERSAL CITY STUDIOS,           )  AGENCY, INC.'S NOTICE OF
    INC., a Delaware corporation;     )  MOTION AND MOTION TO
15  UNITED TALENT AGENCY,             )  DISMISS PURSUANT TO FED. R.
    INC., a California corporation;   )  CIV. PROC. 12(b)(6) AND STRIKE
16  BLUMHOUSE PRODUCTIONS,            )  PURSUANT TO FED. R. CIV. PROC.
    LLC, a Delaware Limited Liability )  12(f); MEMORANDUM OF POINTS
17  Company; OVERLORD                 )  AND AUTHORITIES IN SUPPORT
    PRODUCTIONS LLC, a California      )  THEREOF
18  Limited Liability Company;        )
    PLATINUM DUNES                    )
19  PRODUCTIONS, a California         )  Date:  May 18, 2015
    Corporation; WHY NOT              )  Time: 10:00 a.m.
20  PRODUCTIONS, INC. d/b/a WHY       )  Place: Court Room 1600
    NOT FILMS, a Nevada               )
21  Corporation; JAMES                )
    DEMONACO, an individual,          )
22  and DOES 1 to 50, inclusive,      )  Action Filed:  October 10, 2014
                                      )
23               Defendants.          )
                                      )
24  _____      )

25

26

27

28
                              **1**
    _____
    **UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS AND STRIKE**

1       PLEASE TAKE NOTICE THAT defendant United Talent Agency, Inc.

2  ("UTA"), will move this honorable Court on May 18, 2015, at 10:00 a.m. at the

3  United States District Court for the Central District of California, located at 312

4  North Spring Street Los Angeles, CA 90012, Courtroom 1600, before the

5  Honorable Michael W. Fitzgerald, for an order dismissing the Second Amended

6  Complaint's (the "SAC") third claim for contributory infringement and fourth claim

7  for breach of implied-in- fact contract pursuant to Federal Rule of Civil Procedure

8  12(b)(6).

9       The SAC fails to state a claim against UTA for breach of implied-in-fact

10  contract.  The SAC fails to adequately and plausibly allege the existence of an

11  implied contract between plaintiff Douglas Jordan-Benel ("Plaintiff") and UTA.

12       Additionally, Plaintiff fails to state a claim for contributory infringement.

13  Plaintiff fails to adequately satisfy the foundational requirement of sufficiently

14  pleading direct infringement.  Even if there was direct infringement, Plaintiff fails

15  to allege facts supporting the claim that UTA knew of any purported direct

16  infringement or that UTA intentionally inducing or encouraging such conduct.

17       Alternatively, pursuant to Federal Rule of Civil Procedure 12(f), UTA will

18  move to strike the SAC's prayer for relief for statutory damages under the SAC's

19  third claim for contributory infringement.  Pursuant to 17 U.S.C. § 412, Plaintiff

20  failed to timely register his alleged work prior to the commencement of the alleged

21  infringement.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

**2**

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS AND STIKE**

1    This Motion is made following the conference of counsel pursuant to Local

2  Rule 7-3, which occurred on March 5, 2015.

3

4  Dated:  March 13, 2015                FREEDMAN + TAITELMAN, LLP

5

6                                        By: _____/s/_____

7                                            Bryan J. Freedman
                                             Jesse A. Kaplan
8                                            Attorneys for Defendant
9                                            United Talent Agency, Inc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3**

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS AND STIKE**

1

## TABLE OF CONTENTS

2

3    I.    INTRODUCTION ......................................................................... 1

4    II.   RELEVANT FACTUAL ALLEGATIONS .................................... 2

5    III.  PLAINTIFF HAS FAILED TO STATE A CLAIM FOR BREACH OF
          IMPLIED-IN-FACT CONTRACT ................................................. 3
6
7    IV.   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR CONTRIBUTORY
          COPYRIGHT INFRINGEMENT ................................................. 7

8         A. Plaintiff has Failed to Allege Direct Infringement. ....................... 7

9         B. Plaintiff has Failed to Allege Plausible Facts Supporting Contributory

10        Infringement. ................................................................................. 8

11   V.    THE COURT SHOULD STRIKE PLAINTIFF'S PRAYER FOR
          STATUTORY DAMAGES AND ATTORNEY'S FEES............................ 10
12
     VI.   CONCLUSION........................................................................... 10
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS AND STRIKE**

# TABLE OF AUTHORITIES

**Cases**

A&M Records v. Napster, Inc., 239 F.3d 1004, 1013 n. 3 (9th Cir. Cal. 2001) ....... 8

Aliotti v. R. Dakin & Co., 831 F.2d 898, 902 (9th Cir. 1987) ................................. 5

Ashcroft v. Iqbal, 556 U.S. 662, (2009) ................................................................. 6

Associated Artists Entertainment, Inc. v. Walt Disney Pictures, 1999 U.S. App. LEXIS 3990 * 5 (9th Cir. Cal. Mar. 9, 1999) ........................................................ 5

B2B CFO Partners, LLC v. Kaufman, 787 F. Supp. 2d 1002, 1010-1013 (D. Ariz. 2011) ...................................................................................................................... 10

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) .................................... 6

Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 700-701 (9th Cir. 2008) ................................................................................................................................. 10

Desny v. Wilder, 46 Cal.2d 715, 731–732, 299 P.2d 257 (1956)................. 1, 4, 5, 6

Faris v. Enberg, 97 Cal.App.3d 309, 318, 158 Cal. Rptr. 704 (1979) ..................... 4

Grosso v. Miramax Film Corp., 383 F.3d 965, 967 (9th Cir. 2004) ........................ 3

Klekas v. EMI Films, Inc., 150 Cal.App.3d 1102, 1115, 198 Cal. Rptr. 296 (1984) 6

Luvdarts, LLC v. AT&T Mobility, LLC, 710 F.3d 1068, 1072 (9th Cir. 2013)....8, 9

Mann v.Columbia Pictures, Inc., 128 Cal.App. 3d 628, 647 n.6, 180 Cal. Rptr. 522 (1982)....................................................................................................................... 4

Med-Systems, Inc. v. Masterson Mktg., Inc., 2011 U.S. Dist. LEXIS 135216, 2011 WL 5873399, at *7 (S.D. Cal. Nov. 23, 2011) ....................................................... 9

Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005)... 8

Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1175 (9th Cir. Cal. 2007) .... 8

Perfect 10, Inc. v. Visa Int'l Serv. Ass'n, 494 F.3d 788, 795 (9th Cir. 2007)............ 8

Simonyan v. Ally Fin. Inc., 2013 U.S. Dist. LEXIS 3683, 2013 WL 45453, at *2 (C.D. Cal. Jan. 3, 2013) .......................................................................................... 9

Solis v. City of Fresno, 2012 U.S. Dist. LEXIS 33548, 2012 WL 868681, at *8 (E.D. Cal. Mar. 13, 2012) ....................................................................................... 9

Spinner v. American Broadcasting Companies, Inc., 215 Cal.App.4th 172, 155 Cal. Rptr. 3d 32 (2013)................................................................................................... 4

U.S. v. Center for Diagnostic Imaging, Inc., 787 F. Supp. 2d 1213, 1221 (W.D.

ii

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS AND STRIKE**

Wash. 2011) .......................................................................................... 9

Vivendi SA v. T-Mobile USA Inc., 586 F.3d 689, 694 (9th Cir. 2009) ................... 9

**Statutes**

17 U.S.C. § 412 ..............................................................................2, 10

iii

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS AND STRIKE**

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.     INTRODUCTION**

3           As the Court is aware, in addition to various claims for Copyright

4    Infringement, Plaintiff Douglas Jordan-Benel ("Plaintiff") has asserted an "idea

5    submission" or "*Desny*" claim against various entities in the entertainment industry,

6    including defendant United Talent Agency ("UTA").  The  Court previously

7    dismissed the First Amended Complaint's ("FAC") claim for breach of implied-in-

8    fact contract, with leave to amend.

9           Specifically, the Court found that Plaintiff failed to allege the formation on

10   an implied contract with UTA to pay for his idea.  *See Desny v. Wilder*, 46 Cal.2d

11   715, 731–732, 299 P.2d 257 (1956).  In particular, Plaintiff failed to allege that

12   UTA ever understood or agreed that Plaintiff was disclosing his screenplay on the

13   condition that he would be compensated from UTA, or anyone else, for that

14   disclosure.  Indeed, the Court compared Plaintiff to the idea man who blurts out his

15   idea before striking his bargain.

16          Plaintiff's Second Amended Complaint (the "SAC") has failed to cure these

17   glaring defects.  Again, Plaintiff has failed to allege facts that he disclosed his

18   screenplay **for sale to UTA**, that he clearly conditioned his disclosure of *Settler's*

19   *Day* on UTA's payment for any alleged use of that script, and that UTA

20   understood, and in turn, agreed to that condition.  In fact, the SAC's allegations

21   confirm the opposite – the purpose of Plaintiff's alleged "submission" was not to

22   sell his screenplay to UTA.  Plaintiff was seeking UTA's representation.  These

23   allegations are fatal.

24          Plaintiff has also failed to state a claim for contributory infringement against

25   UTA.  As discussed in detail in the Universal Defendants' Motion to Dismiss,

26   Plaintiff has not alleged direct infringement against anyone that would serve as a

27   basis for contributory infringement.  Moreover, Plaintiff's allegations of

28

**1**

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS AND STRIKE**

contributory infringement against UTA are far too conclusory and lack the requisite plausible facts.

Finally, Plaintiff is not entitled to either statutory damages or attorneys' fees against UTA based on UTA's alleged contributory infringement.  Plaintiff failed to timely register his work prior to the commencement of the alleged infringement. *See* 17 U.S.C. § 412.

## II.   RELEVANT FACTUAL ALLEGATIONS

Plaintiff vaguely alleges that in July 2011, Plaintiff's manager sent an e-mail to David Kramer at UTA about Plaintiff's screenplay. (SAC, ¶ 19).  Kramer allegedly referred Plaintiff's manager to Emerson Davis, another UTA agent. (SAC, ¶ 20).  Plaintiff's manager allegedly subsequently called Davis and asked for "permission" to submit the screenplay to UTA. (SAC, ¶ 21).

On July 8, 2014, Plaintiff's manager sent an e-mail Davis of UTA attaching two screenplays – one of which was *Settler's Day*. (SAC, ¶ 22, Ex. C).  In that e-mail, Plaintiff's manager stated that he was "very pleased to **recommend to UTA** this talented and prolific feature film screenwriter and comic book author who splits his time between Switzerland and LA." (SAC, Ex. C) (emphasis added).  Plaintiff's manager further indicated that one of the two screenplays attached to the July 8th e-mail had previously been "sold." (SAC, Ex. C) (emphasis added0.  An alleged copy of this e-mail chain is attached as an exhibit to the SAC. (SAC, ¶ 22, Ex. C).  Several days later, Davis at UTA sent Plaintiff's manager an e-mail indicating that he had read both screenplays and "did not strongly respond to **either script**." (SAC, Ex. C) (emphasis added).

Plaintiff concedes that he was **not** offering *Settler's Day* for sale to UTA. Rather, he was allegedly looking for representation. (SAC, ¶ 22).  Specifically, Plaintiff alleges that the purpose of that e-mail and the "submission" of two screenplays, one of which had already been sold, was for "(a) **UTA to represent**

**2**

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS AND STRIKE**

**Plaintiff** in order to procure the 'sale' of the Screenplay and (b) to 'sell' the Screenplay to a **UTA client**." (SAC, ¶ 22) (emphasis added). Plaintiff fails to identify any facts as to why UTA shared that understanding.

Plaintiff further alleges that UTA represented defendant James DeMonaco ("DeMonaco"). (SAC, ¶ 31). Plaintiff speculates that UTA allegedly "**transmitted**" *Settler's Day* to DeMonaco. (SAC, ¶¶ 32, 40). In turn, DeMonaco allegedly "copied from [*Settler's Day*] substantially." (SAC, ¶ 40). Plaintiff alleges that the core plot and story of Plaintiff's screenplay were stolen to create the feature film entitled "*The Purge*" ("*The Purge*"), which was released in June 2013. (SAC, ¶¶ 30, 59). DeMonaco was allegedly credited with writing and directing *The Purge*. (SAC, ¶ 24).

## III.   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR BREACH OF IMPLIED-IN-FACT CONTRACT

Plaintiff has still failed to identify an implied contract between Plaintiff and any defendants, in particular UTA. Plaintiff fails to even allege that his manager was submitting *Settler's Day* **for sale to UTA**. Assuming Plaintiff's own allegations are true, he was **simply seeking representation from UTA**.

California's Supreme Court has recognized that there may, under certain limited circumstances, be either an express or implied contract concerning the defendant's use of a plaintiff's idea. *See Desny*, 46 Cal.2d at 733-734. In certain circumstances, the plaintiff's **initial disclosure of an idea can serve as consideration for defendant's promise of payment for that idea if used**. *See Desny*, 46 Cal.2d at 733 ("That disclosure may therefore be consideration for a promise to pay . . . ."); *Grosso v. Miramax Film Corp*., 383 F.3d 965, 967 (9th Cir. 2004). A *Desny* implied contract "is justified on the theory that the bargain is not for the idea itself, but for the services of conveying that idea." *Grosso*, 383 F.3d at 967; *Desny*, 46 Cal.2d at. at 737-38 ("[C]onveyance of an idea can constitute

**3**

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS AND STRIKE**

valuable consideration and can be bargained for **before** it is disclosed to the proposed purchaser, but once it is conveyed, i.e., disclosed to him and he has grasped it, it is henceforth his own and he may work with it and use it as he sees fit.") (emphasis added).  Accordingly, an implied right to compensation may exist when a plaintiff submits material to a defendant with the **pre-disclosure mutual understanding** that the plaintiff will be compensated if the defendant uses the plaintiff's idea.  *See Desny*, 46 Cal.2d at 739.

Plaintiff has failed to adequately allege facts supporting the bald conclusion that Plaintiff and UTA entered into an implied contract whereby there was a mutual **pre-disclosure understanding** that UTA would compensate Plaintiff for his idea. Specifically, Plaintiff has failed to allege facts that he disclosed *Settler's Day* **for sale to UTA**, that he conditioned his disclosure of *Settler's Day* on UTA's payment for any use of that idea, UTA knew or should have known of that condition, and, in turn, UTA voluntarily accepted Plaintiff's alleged submission with knowledge of his condition of payment.  *See Mann v.Columbia Pictures, Inc*., 128 Cal.App. 3d 628, 647 n.6, 180 Cal. Rptr. 522 (1982); *Faris v. Enberg*, 97 Cal.App.3d 309, 318, 158 Cal. Rptr. 704 (1979).

Critically, Plaintiff must have "clearly conditioned" his disclosure of *Settler's Day* on an obligation **by UTA** to pay for its use.  *See Desny*, 46 Cal.2d at 739; *Mann*, 128 Cal.App.3d at 646; *Spinner v. American Broadcasting Companies, Inc*., 215 Cal.App.4th 172, 155 Cal. Rptr. 3d 32 (2013).  No contract will be implied unless UTA knew that the Plaintiff's disclosure was conditioned on compensation from UTA.  *See Desny*, 46 Cal.2d at 733; *Aliotti*, 831 F.2d at 902; *Mann*, 128 Cal.App.3d at 647.

The mere submission of an idea, without more, is insufficient.  *See Desny,* 46 Cal.2d at 739. ("The law will not imply a promise to pay for an idea from **the mere facts that the idea has been conveyed**, is valuable, and has been used for profit;

**4**

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS AND STRIKE**

this is true even though the conveyance has been made with the hope or expectation that some obligation will ensue.") (emphasis added); *Faris*, 97 Cal.App.3d at 314-320; *Klekas*, 150 Cal.App.3d at 1115.  Indeed, it was the "**clear holding** of *Desny* [that] an obligation to pay could not be inferred from the mere fact of submission on a theory that everyone knows that the idea man expects to be paid." *Faris*, 97 Cal.App.3d at 319.  *Desny* identified the "hazards" of those confronted with the "unsolicited submission of numerous scripts." *Desny*, 46 Cal. 2d at 734. "However, if an idea purveyor **clearly conditions** an offer to disclose an idea on the offeree's obligation to pay for it, and the offeree voluntarily accepts the disclosure knowing the condition on which it is tendered, the law will imply a promise to pay for an idea." *Desny*, 46 Cal. 2d at 734.  Accordingly, UTA must first have an opportunity to reject the alleged consideration - the proffered conveyance of the idea - before it is conveyed.  *See Desny*, 46 Cal.2d at 739.

Likewise, an implied contract will not exist when the idea is submitted to the plaintiff for reasons other than for sale.  *See Faris*, 97 Cal.App.3d at 318-320, 158 (finding no implied contract where the plaintiff disclosed idea to a well know television sports announcer for the purpose of inquiring into whether the defendant would act as master of ceremonies, not for the purpose of receiving compensation for revealing the idea to the defendant); *Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 902 (9th Cir. 1987) (no implied contract where plaintiff submitted her idea for the purpose of obtaining employment with the defendant); *Associated Artists Entertainment, Inc. v. Walt Disney Pictures*, 1999 U.S. App. LEXIS 3990 * 5 (9th Cir. Cal. Mar. 9, 1999) ("Here, plaintiff did not submit the screenplay for outright sale. Rather, plaintiff sought to enter into a joint venture to produce its screenplay.").

That a defendant expressed some interest in an idea that was unconditionally submitted is irrelevant.  *See Faris*, 97 Cal.App.3d at 319 ("It would be entirely

**5**

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS AND STRIKE**

1   inconsistent with *Desny* to hold that an implied-in-fact contract could be created
2   because a telephone call was returned or because a request was made for an
3   opportunity to read the work that was unconditionally submitted.").  As such, no
4   implied agreement will be created even though an idea is conveyed "[w]ith the hope
5   or expectation that some obligation will ensue." *Desny*, 46 Cal.2d at 739; *Klekas v.*
6   *EMI Films, Inc*., 150 Cal.App.3d 1102, 1115, 198 Cal. Rptr. 296 (1984).

7        Here, Plaintiff has failed to make any factual allegations, let alone plausible
8   allegations, that Plaintiff intended to offer his script for sale to UTA , a talent
9   agency, that Plaintiff expected UTA to compensate him for the disclosure of that
10   idea, and critically, that UTA understood that Plaintiff was offering idea for sale to
11   any of the defendants, namely UTA.  Simply put, it is clear that UTA was not the
12   intended purchaser of *Settler's Day*.

13        First, Plaintiff's SAC concedes that neither Plaintiff nor UTA understood that
14   that the purpose of the so-called submission was to sell *Settler's Day* to UTA or
15   otherwise seek compensation from UTA for the disclosure of *Settlers' Day*.  Rather,
16   the SAC claims that the understood purpose of Plaintiff's managers' disclosure was
17   to seek UTA's representation as a talent agency.  Again, Plaintiff alleges that the
18   understood purpose was for "(a) **UTA to represent Plaintiff** in order to procure the
19   "sale" of the Screenplay and (b) to "sell" the Screenplay to a **UTA client**." (SAC, ¶
20   22).  This allegation is fatal to Plaintiff's *Desny* claim and underscores that even
21   Plaintiff did not perceive UTA as an intended purchaser.  Certainly, based on these
22   allegations, UTA did not have such an understanding.

23        Second, Plaintiffs allegations that there was an understanding that Plaintiff
24   was seeking to sell *Settler's Day* to anyone, let alone UTA, is far too conclusory
25   and fails to satisfy the *Twombly- Iqbal* pleading standards.  *See Ashcroft v. Iqbal*,
26   556 U.S. 662, (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
27   Plaintiff must actually allege facts that would support such a conclusion.  At most,
28

**6**

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS AND STRIKE**

Plaintiff alleges in conclusory form that based on "custom and practice in the entertainment industry" and prior dealings between Plaintiff's manager and UTA, UTA somehow knew that Plaintiff's purported submission was "[m]ade for the purpose of selling the Screenplay" to some unidentified purchaser.  (SAC, ¶ 26). That is, Plaintiff seems to merely repeat conclusory and amorphous allegations from the FAC concerning some custom and practice in the entertainment industry. (FAC, ¶ 63).

Again, like the deficient FAC before it, Plaintiff fails to allege any facts of an actual custom, practice and prior dealings that would support the parties' purported mutual understanding that Plaintiff was seeking payment in exchange for the disclosure of his screenplay.   Notably, UTA, which is a talent agency, receives constant inquiries from writers seeking UTA's representation for a myriad of reasons and projects.  How would UTA have known Plaintiff was expecting compensation in exchange for his disclosure to UTA?   Plaintiff's allegation that UTA represented other Peck client(s) in some unspecified "entertainment related projects" or "deal" brokered by UTA is grossly insufficient.  (SAC, ¶ 26).  That UTA represents Peck's wife is equally irrelevant.  (SAC, ¶ 27).  None of these allegations would support the conclusion that UTA understood that Plaintiff's script was for sale, specifically to UTA.

Finally, even if UTA had some general understanding that *Settlers' Day* was "for sale," there are no allegations that Plaintiff intended, and UTA understood, that Plaintiff's manager's disclosure of two scripts was conditioned on UTA's agreement to compensate Plaintiff for that disclosure.

## IV.   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT

### A.   Plaintiff has Failed to Allege Direct Infringement.

Plaintiff has also failed to state a claim for contributory infringement against

**7**

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS AND STRIKE**

1   UTA, as Plaintiff has failed to allege direct infringement by the other defendants.
2   Specifically, Plaintiff has failed to adequately allege that the defendants that
3   allegedly engaged in direct infringement had access to *Settler's Day*.

4       It is axiomatic that in order to allege secondary liability against UTA for
5   contributory infringement, Plaintiff must first allege direct infringement by one of
6   the other defendants.  *See A&M Records v. Napster, Inc.,* 239 F.3d 1004, 1013 n. 3
7   (9th Cir. Cal. 2001); *Perfect 10, Inc. v. Amazon.com,* 508 F.3d 1146, 1168 (9th Cir.
8   2007).  Plaintiff has failed to do so.  As discussed in detail in the Universal
9   Defendants' Motion to Dismiss, Plaintiff has failed to adequately allege that the
10  Universal Defendants had access to Plaintiff's work.  In the interest of judicial
11  economy, the UTA will join in the arguments articulated in the Universal
12  Defendants' motion to dismiss.

13      **B.**    <u>**Plaintiff has Failed to Allege Plausible Facts Supporting**</u>
14          <u>**Contributory Infringement.**</u>

15      To state a claim for contributory liability, Plaintiff must allege that UTA
16  "infringe[d] contributorily by intentionally inducing or encouraging direct
17  infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913,
18  930 (2005). The Ninth Circuit has defined contributory infringement to include
19  situations where the defendant (1) knew of the direct infringement; and (2) either
20  induced, caused, or materially contributed to the infringing conduct.  *Luvdarts, LLC*
21  *v. AT&T Mobility, LLC,* 710 F.3d 1068, 1072 (9th Cir. 2013); *Perfect 10, Inc. v.*
22  *Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007).  Indeed, contributory
23  liability is based on the defendant's failure to stop its own actions which facilitate
24  third-party infringement.  *See Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146,
25  1175 (9th Cir. Cal. 2007).

26      General allegations such as those relied on by Plaintiff are plainly
27  insufficient to state a claim for contributory infringement.  A complaint must plead
28

**8**

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS AND STRIKE**

facts which would satisfy the elements of a claim.  *See Luvdarts,* 710 F.3d at 1072 (dismissing contributory infringement claim based on conclusory allegations; *Med-Systems, Inc. v. Masterson Mktg., Inc*., 2011 U.S. Dist. LEXIS 135216, 2011 WL 5873399, at *7 (S.D. Cal. Nov. 23, 2011) (dismissing contributory infringement claims and holding that, under *Iqbal*, a court need not accept as true plaintiff's conclusory allegations and legal conclusions).

Equally insufficient are Plaintiff's conclusory allegations which are made "upon information and belief."  Such allegations are insufficient as a matter of law. *See Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 694 (9th Cir. 2009) (finding insufficient allegations based "upon information and belief" where no further facts were alleged); *Solis v. City of Fresno*, 2012 U.S. Dist. LEXIS 33548, 2012 WL 868681, at *8 (E.D. Cal. Mar. 13, 2012) ("In the post-*Twombly* and *Iqbal* era, pleading on information and belief, without more, is insufficient to survive a motion to dismiss for failure to state a claim."); *Simonyan v. Ally Fin. Inc.*, 2013 U.S. Dist. LEXIS 3683, 2013 WL 45453, at *2 (C.D. Cal. Jan. 3, 2013) (noting that "factual allegations . . . based on 'information and belief' and contain[ing] nothing more than a rote recitation of the required elements of each respective claim . . . fall well short of the requirements set forth in Iqbal"); *U.S. v. Center for Diagnostic Imaging, Inc.*, 787 F. Supp. 2d 1213, 1221 (W.D. Wash. 2011).

Here, Plaintiff have failed to allege facts demonstrating that UTA knew of any direct infringement, and induced, caused, or materially contributed to the alleged infringement.  Instead, plaintiff merely asserts legal conclusions.  (SAC, ¶¶ 59-68).  At most, Plaintiff alleges that UTA "camouflaged the original *Settler's Day* screenplay" and that "UTA used their personal connections within the conspiracy to orchestrate the infringement."  (SAC, ¶ 65).  It is unclear, however, what that even means.  In any event, these allegations are far to general and conclusory to establish that UTA and materially contributed to same.

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS AND STRIKE**

## V.   THE COURT SHOULD STRIKE PLAINTIFF'S PRAYER FOR STATUTORY DAMAGES AND ATTORNEY'S FEES

Assuming Plaintiff has stated a claim for contributory copyright infringement, Plaintiff's prayer for statutory damages and attorneys' fees under the Copyright Act are barred based on his failure to timely register *Settler's Day* prior to the Universal Defendants' commencement of the alleged infringement. *See* 17 U.S.C. § 412.

Section 412 bars an award of statutory damages or attorneys' fees, generally permissible under the Copyright Act Section 504 and 505, for "[a]ny infringement of copyright in an unpublished work commenced before the effective date of its registration." As discussed in detail in the Universal Defendants' Motion to Strike, Plaintiff's October 1, 2013 registration was untimely.  (SAC, ¶ 16, Ex. B).

While Plaintiff apparently concedes that it cannot recover statutory damages or attorneys' fees based on any alleged infringement in *The Purge*, Plaintiff seeks those remedies in connection with *The Purge: Anarchy* – "a direct sequel to *The Purge* and a derivative work" that was released in 2014.  (SAC, ¶¶ 44, 51; Prayer for Relief, p. 24;17-18).  As discussed in more detail in the Universal Defendants' Motion to Strike, the sequel does not constitute a new and separate infringement. *See Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 700-701 (9th Cir. 2008); *B2B CFO Partners, LLC v. Kaufman,* 787 F. Supp. 2d 1002, 1010-1013 (D. Ariz. 2011).  In the interest of judicial economy, UTA will join in the arguments articulated in the Universal Defendants' Motion to Strike.

Even if the sequel was a new and separate act of infringement, which it is not, the SAC simply does not allege that UTA contributed to that alleged infringement.  (SAC, ¶¶ 59-68).  Rather, Plaintiff's claim for contributory infringement against UTA is limited to *The Purge*.  (SAC, ¶¶ 63, 66).

## VI.   CONCLUSION

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS AND STRIKE**

1    UTA respectfully requests that the SAC's third claim for contributory

2 copyright infringement and fourth claim for breach of implied-in fact-contract be

3 dismissed pursuant to F.R.C.P 12(b)(6).  Alternatively, UTA respectfully requests

4 that the Court strike the portion of Plaintiff's prayer for relief that seeks statutory

5 damages and attorneys' fees pursuant to F.R.C.P 12(f).

6

7 Dated:  March 13, 2015                   FREEDMAN + TAITELMAN, LLP

8

9                                          By: _____/s/_____

10                                              Bryan J. Freedman
                                                Jesse A. Kaplan
11                                              Attorneys for Defendant
                                                United Talent Agency, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**11**

**UNITED TALENT AGENCY, INC.'S MOTION TO DISMISS AND STRIKE**
