UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV–14–5577–MWF (MRWx)**                  **Date: June 24, 2015**
Title:      Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  | |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE DEFENDANTS' MOTIONS TO
DISMISS AND MOTIONS TO STRIKE [34] [35]
[36] [37]

Before the Court are four motions filed by Defendants on March 13, 2015.
United Talent Agency, Inc. ("UTA") filed a Motion to Dismiss Pursuant to Fed. R.
Civ. Proc. 12(b)(6) and Strike Pursuant to Fed. R. Proc. 12(f) (the "UTA Motion").
(Docket No. 34).  Defendants Universal City Studios, LLC ("Universal"), Blumhouse
Productions LLC ("Blumhouse"), Overlord Productions, LLC ("Overlord"), Platinum
Dunes Productions ("Platinum Dunes"), Why Not Productions, Inc. ("WNP"), and
James DeMonaco (collectively the "Production Defendants") filed a Motion to Dismiss
Plaintiff's Second Amended Complaint (the "12(b)(6) Motion"), a Motion to Strike
Portions of Plaintiff's Second Amended Complaint (the "Motion to Strike"), and a
Special Motion to Strike Fourth and Fifth Claims for Relief Alleged in Second
Amended Complaint (the "Anti-SLAPP Motion").  (Docket Nos. 35, 36, 37).

Plaintiff Douglas Jordan-Benel filed an Opposition to Defendant United Talent
Agency Inc.'s 12(b)(6) and 12(f) Motion (the "Opposition to UTA"), an Opposition to
Film Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (the
"Opposition to 12(b)(6) Motion"), an Opposition to Production Defendants' Special
Motion to Strike Fourth and Fifth Claims Pursuant to California's Anti-SLAPP Statute
(the "Anti-SLAPP Opposition"), and an Opposition to Production Defendants' Motion
to Strike Parts of the Second Amended Complaint Pursuant to Fed. R. Civ. Procedure
12(f) (the "Opposition to Motion to Strike") on April 10, 2015.  (Docket Nos. 45, 46,
47, 49).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                    **Date: June 24, 2015**
Title:     Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

On May 4, 2015 UTA filed a Reply to Plaintiff's Opposition to Motion to
Dismiss and to Strike (the "UTA Reply"). (Docket No. 52). The Production
Defendants filed a Reply in Support of Motion to Strike Portions of Plaintiff's Second
Amended Complaint (the "Strike Reply"), a Reply in Support of Motion to Dismiss
Plaintiff's Second Amended Complaint (the "12(b)(6) Reply"), and a Reply in Support
of Special Motion to Strike Fourth and Fifth Claims for Relief in Plaintiff's Second
Amended Complaint (the "Anti-SLAPP Reply"). (Docket Nos. 53, 54, 55).

The Court read and considered the papers on the Motions and Court held a
hearing on May 18, 2015. For the reasons set forth below, the Court rules as follows:

- UTA's Motion: **GRANTED** as to Plaintiff's fifth claim for relief for
  declaratory relief *without leave to amend* but **DENIED** as to Plaintiff's
  remaining claims against UTA.

- Production Defendants' Anti-SLAPP Motion: **DENIED**.

- Production Defendants' 12(b)(6) Motion: **DENIED** as to Universal,
  Platinum Dunes, WNP, and DeMonaco, but **GRANTED** as to Blumhouse
  and Overlord. Because Plaintiff has already had three opportunities to
  state his claims, the claims against Blumhouse and Overlord are
  **DISMISSED** *without leave to amend*.

- Production Defendants' Motion to Strike: **GRANTED** as to Plaintiff's
  request for statutory damages and attorney's fees under the Copyright Act,
  and as to Plaintiff's request for declaratory relief *without leave to amend*.
  The Motion is **DENIED** as to Plaintiff's amended allegations.

## I.   BACKGROUND

This case arises out of allegations by Plaintiff that the feature film "*The Purge*"
is based in substantial part on a screenplay he wrote for a movie called "*Settler's Day*"
(the "Script"). Plaintiff alleges that he wrote *Settler's Day* in early 2011. (Second

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                    **Date: June 24, 2015**
Title:        Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

Amended Complaint ("SAC" ¶ 16 (Docket No. 30))).  He registered the Script with the
Writers Guild of America on February 1, 2011.  (*Id.*, Ex. A).  On October 1, 2013,
Plaintiff registered it with the U.S. Copyright Office.  *(Id.*, Ex. B).

        In June 2011, Adam Peck, Plaintiff's manager, reached out to David Kramer of
UTA regarding the Script and representation of Plaintiff by UTA.  (*Id.* at 18–19).  On
July 8, Kramer wrote back and asked that Peck contact Emerson Davis, also of UTA,
to discuss Plaintiff and his work.  (*Id.* ¶ 20).  Peck had a discussion with Davis, and
requested permission to submit the Script, and another work by Plaintiff, to UTA.  (*Id.*
¶ 20).  Davis told Peck to send both works to him and Kramer.  (*Id.*).  Peck sent the
two works, including the Script, to Davis and Kramer via email.  (*Id.* ¶ 22, Ex. C).
Plaintiff alleges that the purpose of the submission was both to have UTA represent
Plaintiff so as to obtain a sale of the Script, and to sell the Script to a UTA client.  (*Id.*).
Plaintiff further alleges that this dual purpose was understood by both Peck, acting on
behalf of Plaintiff, and Davis, acting on behalf of UTA, as is consistent with the
custom and practice of the industry.  (*Id.* ¶¶ 22–23, 72).  In addition, Plaintiff alleges
that UTA's acceptance of the Script was made on behalf of Defendant DeMonaco and
his production company WNP, because DeMonaco was represented by UTA.  (*Id.* ¶¶
22, 31).  On July 13, 2011, Davis emailed Peck and said that he "did not strongly
respond to either."  (*Id.* ¶ 24).

        In July 2013, the Production Defendants released a feature film called "*The
Purge.*"  Plaintiff claims that *The Purge* is based in substantial part on the idea of
*Settler's Day* and the film and shooting script contain numerous similarities of
copyrightable elements of the Script.  The premise of both *The Purge* and *Settler's Day*
is a society that has instituted a national "holiday" during which enforcement of
criminal law is suspended and citizens are allowed to commit any otherwise illegal acts
as part of a cathartic bloodletting.  Plaintiff alleges numerous further similarities across
nine pages in the SAC. (*Id.* ¶ 42).

        DeMonaco is credited as the sole writer of *The Purge*.  (*Id.* ¶ 31)  He has also
been represented by UTA at all times relevant to the SAC.  (*Id.*).  Defendants

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                     **Date: June 24, 2015**
Title:        Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

Blumhouse, Overlord, Platinum Dunes, and WNP produced *The Purge*, and Universal also served as its distributor.  (*Id*. ¶ 33).

Plaintiff alleges that the Production Defendants, including DeMonaco, obtained the Script either because UTA transmitted the Script to DeMonaco or because Ken Levin, who had received a copy from Peck, sent it to Universal and Michael Bay, owner of Defendant Platinum Dunes Productions.  (*Id*. ¶¶ 32, 40, 41).  Plaintiff also alleges that receipt by UTA, as the agency representing DeMonaco, constitutes receipt by DeMonaco within the motion picture industry.  (*Id*. ¶ 40).

## II.   <u>PROCEDURAL BACKGROUND</u>

The SAC is the operative complaint for the purposes of the motions before the Court.  Plaintiff alleges five claims for relief against the various Defendants.  ***First and second***, he asserts copyright claims for the film, *The Purge*, and the screenplay for the film, against the Production Defendants.  (*Id*. ¶¶ 46–57).  ***Third***, he asserts a claim for contributory copyright infringement against UTA.  (*Id*. ¶¶ 58–68).  ***Fourth***, he asserts a breach of implied-in-fact contract, based on his submission of the idea for the Script, against UTA, DeMonaco, and WNP.  (*Id*. ¶¶ 69–75).  ***Fifth***, he asserts a claim for Declaratory Relief against the Production Defendants seeking a determination and declaration of his rights, and credit and payment arising from the production and sale of *The Purge*.  (*Id*. ¶¶ 76–79).

Plaintiff commenced this action on July 17, 2014 by filing a Complaint in this Court.  (Docket No. 1).  On October 10, 2014, Plaintiff filed his FAC.  (Docket No. 11).  On November 25, 2014, UTA filed a Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6).  (Docket No. 18).  UTA only sought to dismiss the breach of implied-in-fact claim Plaintiff alleged against it.  After briefing and a hearing on the motion, the Court granted the motion and dismissed Plaintiff's claim with leave to amend.  (Docket No. 26 (the "February 13 Order")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

Case No.   **CV–14–5577–MWF (MRWx)**                **Date: June 24, 2015**
Title:       Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

In the February 13 Order, the Court ruled that Plaintiff had failed to allege that there was any agreement, explicit or implicit, prior to him sending the Script to Kramer and Davis at UTA.  (February 13 Order, at 5–6).

Plaintiff filed his SAC on February 27, 2015.

On March 13, 2015 the Defendants filed the four motions presently before the Court.

## III.   <u>DISCUSSION</u>

The Defendants base their various motions on three sets of authority: Federal Rules of Civil Procedure 12(b)(6) and 12(f), and California's anti-SLAPP statute, California Code of Civil Procedure section 425.16.  UTA joins in the Production Defendants' Motion to Strike.  The Production Defendants also incorporate by reference their arguments regarding the insufficiency of Plaintiff's breach of implied-in-fact contract from their Anti-SLAPP Motion in their 12(b)(6) Motion.

### A.   **Anti-SLAPP Motion**

The Court first addresses the Production Defendants' Anti-SLAPP Motion.  The Production Defendants argue that Plaintiff's fourth and fifth claims for relief – for breach of implied-in-fact contract and declaratory relief – should be stricken because Plaintiff cannot demonstrate a probability of prevailing on the claims as required under California Code of Civil Procedure section 425.16.  (Anti-SLAPP Mot. at 4).

California's anti-SLAPP statute, California Code of Civil Procedure section 425.16, "was enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation."  *Metabolife Int'l v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001) (holding that discovery provisions of section 425.16 do not apply in federal court).  Anti-SLAPP motions are evaluated in two steps.  First, the movant must make a threshold showing that the act or acts giving rise to the claim were in furtherance of the right of petition or free speech, or in connection with a public issue.  *See, e.g.*, *Hilton v. Hallmark Cards*, 599 F.3d 894, 903

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                      **Date: June 24, 2015**
Title:     Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

(9th Cir. 2010) (applying California's anti-SLAPP law to suit regarding greeting cards using a public figure's likeness).

Second, if the movant meets its burden, the nonmovant must show a probability of prevailing on the challenged claim.  *Id*.  A nonmovant satisfies this burden by showing that the claim is legally sufficient and supported by a prima facie showing of facts sufficient for a judgment in the nonmovant's favor if the evidence relied on is credited.  *See Navellier v. Sletten*, 29 Cal. 4th 82, 88–89, 124 Cal. Rptr. 2d 530 (2002) ("[I]n order to establish the requisite probability of prevailing (§ 425.16, subd. (b)(1)), the [nonmovant] need only have stated and substantiated a legally sufficient claim." (citation and quotation omitted)); *see also Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688, 699, 61 Cal. Rptr. 3d 29 (2007) (a [nonmovant]'s burden in establishing a probability of prevailing is not onerous); *Gallagher v. Connell*, 123 Cal. App. 4th 1260, 1275, 20 Cal. Rptr. 3d 673 (2004) (a [nonmovant] need only make a minimal showing to withstand anti-SLAPP motion).  A nonmovant's burden on an anti-SLAPP motion "is much like that used in determining a motion for nonsuit or directed verdict, which mandates dismissal when no reasonable jury could find for the [nonmovant]."  *Metabolife*, 264 F.3d at 840 (citation and quotation omitted).

In deciding the question of potential merit, the trial court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant.  Cal. Code of Civ. Proc. § 425.16(b)(2).  While the trial court does not weigh the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim.  *Paul for Council v. Hanyecz*, 85 Cal. App. 4th 1356, 1365, 102 Cal. Rptr. 2d 864 (2001) (holding that defendants' illegal campaign money laundering activity was not protected by anti-SLAPP statute).

The Production Defendants argue that the act underlying Plaintiff's claim for relief falls squarely within the anti-SLAPP statute – the making and distribution of a motion picture that covers issue of intense public interest.  (Anti-SLAPP Mot. at 4).  However, the Production Defendants' motion fails at the first hurdle because they misconstrue the action upon which Plaintiff bases his claim: it is DeMonaco and

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                  **Date: June 24, 2015**
Title:        Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

WPN's alleged breach of the contract by failing to pay Plaintiff that is the act out of which the claim arises, not the creation and distribution of *The Purge*.

As the California Supreme Court has explained, "the mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute." *Navellier*, 29 Cal. 4th 82, 89 (2002) (citing *City of Cotati v. Cashman*, 29 Cal. 4th 69, 76–78, 124 Cal. Rptr. 2d 519 (2002) (holding that anti-SLAPP had no "intent-to-chill" pleading requirement, and that action by city for declaratory judgment of constitutionality of ordinance was not subject to anti-SLAPP as it was not "arising from" defendant's own federal suit)). Further, "that a cause of action arguably may have been 'triggered' by protected activity does not entail it is one arising from such." *Id*.  "In the anti-SLAPP context, the critical consideration is whether the cause of action is based on the defendant's protected free speech or petitioning activity." *Id.*

In deciding whether the initial "arising from" requirement is met, a court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based."  Cal. Code of Civ. Proc. § 425.16(b).

In the instant case, Plaintiff's claim arises from UTA, DeMonaco and WNP's breach of contract by failing to pay Plaintiff for the disclosure of the idea contained in the Script.  In reviewing the SAC, it is clear that while the creation and distribution of *The Purge* relates to Plaintiff's claims, it is Defendants' failure to pay that gives rise to the suit.  Indeed, the only relief Plaintiff seeks for his fourth claim for relief is "[f]or damages in an amount according to proof."  (SAC at 24).

In their Anti-SLAPP Motion and at the hearing, the Production Defendants argued that the holding in *Doe v. Gangland Productions, Inc.*, 730 F.3d 946 (9th Cir. 2013) supports application of section 425.16 to Plaintiff's state law claims.  (Anti-SLAPP Mot. at 6).  The plaintiff in *Doe* was a gang informant who agreed to be interviewed for a documentary television series on street gangs.  The plaintiff alleged that he had an oral agreement with the show's producers that his face and other identifying features would not be broadcast.  Despite this agreement, his interview was

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                   **Date: June 24, 2015**
Title:      Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

aired with his face and identifying tattoos clearly visible.  He brought suit for appropriation of likeness, public disclosure of a private fact, false promise, negligent and intentional infliction of emotional distress, and declaratory relief.

The defendant responded with an anti-SLAPP motion, which the district court denied, holding that the statute did not apply.  *Id.* at 953.  The district court explained that "the core of Plaintiff's complaint attacks Defendants' broadcast of the Program without concealing his identity," and reasoned that while broadcast of the interview was covered, unlawful broadcast was not.  *Id.* at 954 (quoting *Doe v. Gangland Productions, Inc.*, 802 F. Supp. 2d 1116, 1122 (C.D. Cal. 2011)).

The Ninth Circuit rejected the district court's analysis and held that to determine whether a defendant has met its initial burden, "a court does not evaluate whether defendant's conduct was lawful or unlawful."  *Id.*  Instead, this analysis takes place in the second step when the burden shifts to plaintiff to raise, and support, the claim that the conduct was illegitimate.  *Id.*

*Doe* is unpersuasive as precedent in support of the Production Defendants' position.  As an initial matter, the claims for relief are not analogous.  The plaintiff in *Doe* did not assert a contract claim, but instead a false promise claim.  A false promise "is simply a type of *intentional* misrepresentation, i.e., actual fraud."  *Id.* at 960 (quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 159, 2 Cal. Rptr. 2d 861 (1991)).  More significantly, the basis for plaintiff's claim in *Doe* was the actual broadcast of the video – conduct that falls squarely within the purpose of the anti-SLAPP statute.  As the district court explained, the basis for the claim was the defendants' broadcast of the plaintiff's features.  Such broadcast is both clearly within the anti-SLAPP statute, and the tortious act on which the claim was based.

By contrast, the *Doe* plaintiff was not claiming that he should have been paid for the publication.  In the instant case, the basis for Plaintiff's claim is the failure of UTA, DeMonaco, and WNP to pay him.  Indeed, Plaintiff's interaction with Defendants was for the very purpose of having a film based on the Script, or his idea, made.  Plaintiff does not seek to prevent first amendment conduct, he merely expects to be

CIVIL MINUTES—GENERAL                                             8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                  **Date: June 24, 2015**
Title:      Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

appropriately compensated according to an agreement, the subject of which happens to fall within the anti-SLAPP statute.

The Production Defendants' argument would render every contract claim involving any form of creative activity subject to anti-SLAPP.  For example, it would allow a newspaper to bring an anti-SLAPP motion when a columnist brings suit seeking payment for an article already published by the newspaper.  Similarly, had Universal not paid DeMonaco for writing the shooting script and directing *The Purge*, his breach of contract claim would be subject to an anti-SLAPP motion merely because the product of the contract constituted First Amendment expression.

There may be First Amendment activity, and activity protected by anti-SLAPP involved, but the claim does not arise from that activity.  *See, e.g., Wang v. Wal-Mart Real Estate Bus. Trust*, 153 Cal. App. 4th 790, 794, 63 Cal. Rptr. 3d 575 (2007) (holding that plaintiffs' "breach of contract, fraud, and related causes of action are factually based on allegations about the manner in which the private transactions between the parties were conducted, and the governmental development permit applications were only incidental or collateral to the principal purposes of those transactions" and so were not subject to an anti-SLAPP motion); *Feldman v. 1100 Park Lane Associates*, 160 Cal. App. 4th 1467, 1484, 74 Cal. Rptr. 3d 1 (2008) ("neither the anti-SLAPP statute nor the litigation privilege would appear to apply [to the negligent misrepresentation claim], as the gravamen of the cause of action was not the eviction action or communications . . . but the misleading statements and representations allegedly made to the Feldmans by Seigel as Park Lane's agent, upon which they reasonably relied, to their detriment").  In other words, "that a cause of action arguably may have been 'triggered' by protected activity does not entail that it is one arising from such."  *Id.* at 1482.  The critical consideration is "whether the cause of action is based on the defendant's protected free speech or petitioning activity."  *Id*.

Accordingly, the Court determines that the Plaintiff's claims do not arise from activity subject to anti-SLAPP protection.  Therefore, the Court **DENIES** the Anti-SLAPP Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                    **Date: June 24, 2015**
Title:      Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

### B.     Motions to Dismiss

The Court next addresses the Defendants' two motions to dismiss under Rule 12(b)(6).

In ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).  "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer).  However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."  *Iqbal*, 556 U.S. at 678.  The Court, based on judicial experience and common-sense, must determine whether a complaint plausibly states a claim for relief.  *Id*. at 679.

### 1.  *Desny* Claim for Breach of Implied-in-Fact Contract

All Defendants argue that Plaintiff fails to adequately allege a claim for breach of an implied-in-fact contract under *Desny v. Wilder*, 46 Cal. 2d 715, 299 P.2d 257 (1956), and so Plaintiff's fourth claim should be dismissed.

UTA argues that Plaintiff's amended claim still fails to establish that there was a contract between UTA and Plaintiff for the disclosure of the idea upon which the Script – and allegedly *The Purge* – is premised.  (UTA Mot. at 3).

The Production Defendants make two arguments as to why Plaintiff's claim is deficient as to DeMonaco and WNP, against whom it is alleged.  First, Plaintiff fails to plausibly allege why DeMonaco and WNP are bound by any implied contract through Peck's dealings with UTA, Kramer, or Davis.  (12(b)(6) Mot. at 12; Anti-SLAPP Mot. at 14–16).  Second, similar to UTA's arguments, the Production Defendants argue that

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV–14–5577–MWF (MRWx)**               **Date: June 24, 2015**
Title:     Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

Plaintiff fails to sufficiently allege the other elements of a *Desny* claim.  (Anti-SLAPP
Mot. at 19).

As the Court explained in its February 13 Order, in *Desny*, the California
Supreme Court created an exception to the general rule that ideas are not subject to
protection as property when it held that Desny stated a claim in contract by alleging
that Paramount Pictures had taken an idea he submitted, which was subsequently
turned into a feature film by that studio and director Billy Wilder.  In his interaction
with representatives from Paramount, and defendant Wilder's secretary in particular,
Desny indicated that he only intended to provide the idea if he were to be paid for
doing so.  *Id.* at 745.  The California Supreme Court found that under certain
circumstances contract law provides protection to those who submit their ideas to
others where there is an agreement that the idea is submitted in consideration for a
promise of payment for its use.  5 Melville B. Nimmer & David Nimmer, *Nimmer on
Copyright* § 19D.05 (2014).

The crux of a claim under *Desny* is that there is an agreement between the
parties.  *Chandler v. Roach*, 156 Cal. App. 2d 435, 440, 319 P.2d 776 (1957) (holding
that a work need not be protectable by copyright for recovery provided the elements of
a contract are present).  However, the agreement may be express or it may be implied-
in-fact.  *Id. See also Gunther-Wahl Prod., Inc. v. Mattel, Inc.*, 104 Cal. App. 4th 27,
128 Cal. Rptr. 2d 50 (2003) (holding that were designer of toys was invited to give
presentation there need not have been explicit conditioning of disclosure for pay for
there to be a contract claim for company's later creation of highly similar toys);
5 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 19D.05.

An implied-in-fact contract is an agreement whose existence and terms are
shown by conduct rather than by words.  Cal. Civ. Code § 1621.  To establish "an
implied-in-fact contract one must show: that he or she prepared the work; that he or she
disclosed the work to the offeree for sale; under all circumstances attending disclosure
it can be concluded that the offeree voluntarily accepted the disclosure knowing the
conditions on which it was tendered (i.e., the offeree must have the opportunity to
reject the attempted disclosure if the conditions were unacceptable); and the reasonable

---

**CIVIL MINUTES—GENERAL**                                        **11**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                **Date: June 24, 2015**
Title:        Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

value of the work." *Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 902 (9th Cir. 1987) (finding no implied-in-fact contract where presentation was made to induce purchase of entire business, not licensing of idea presented) (quoting *Faris v. Enberg,* 97 Cal. App. 3d 309, 318, 158 Cal. Rptr. 704 (1979) (finding no implied-in-fact contract where disclosure of an idea for a TV show was to induce offeree to participate as host of show, not to sell the idea of show)).  Indeed, "it is not necessary that the seller should definitely state that he is selling his merchandise to the prospective buyer. The agreement of sale may be inferred by the circumstances." *Gunther-Wahl*, 104 Cal. App. 4th 27, 40 (quoting *Minniear v. Tors*, 266 Cal. App. 2d 495, 506, 72 Cal. Rptr. 297 (1968)).  However, if disclosure occurs before it is known that compensation is a condition of its use, there is no contract implied. *Id*. (citing *Desny,* 46 Cal. 2d at 733).

To state a claim for breach of an implied-in-fact contract based on the submission of the Script, Plaintiff must allege that: (1) he submitted the Script for sale to Defendants; (2) he conditioned the use of the Script on payment; (3) Defendants knew or should have known of the condition; (4) Defendants voluntarily accepted the Script; (5) Defendants actually used the Script; and (6) the Script had value.  *Benay v. Warner Brothers Entertainment, Inc.*, 607 F.3d 620, 629 (9th Cir. 2010) (holding that genuine issues of material fact precluded summary judgment where there were substantial similarities in ideas and plot of copyrighted work and allegedly infringing work) (citing *Mann v. Columbia Pictures, Inc.*, 128 Cal. App. 3d 628, 647 n. 6, 180 Cal. Rptr. 522 (1982) and *Faris*, 97 Cal. App. 3d at 318).

The Court must address two aspects of Plaintiff's allegations raised by Defendants' Motions.  First, whether Plaintiff adequately alleges the existence of an implied-in-fact contract between himself and UTA, and second whether Plaintiff sufficiently alleges facts that support a finding that DeMonaco and WNP are bound by that contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                    **Date: June 24, 2015**
Title:       Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

### a. Plaintiff Sufficiently Alleges an Implied-in-Fact Contract Under *Desny*

The Court dismissed Plaintiff's *Desny* claim in his FAC because Plaintiff had failed to adequately allege that he had conditioned the presentation of his idea on payment. (February 13 Order, at 5–6). Instead, Plaintiff's FAC alleged only that Peck had sent an email on his behalf to Kramer and Davis at UTA attaching the scripts in question and the Defendants' use of the idea for *The Purge* constituted a use of the idea in breach of the implied contract between him and UTA. The Court ruled that these allegations only showed that he bore "a striking resemblance to the 'idea man' hypothetical articulated in *Desny*" where the idea is disclosed prior to the formation of the contract. (February 13 Order at 4). The Court continued to explain that "there needs to be more than a unilateral offer" and held that Plaintiff only offered allegations as to his intent, not UTA's understanding or conduct. (*Id*. (citing 5 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 19D.05 ("as [*Desny*] makes clear, far more than mere submission of an idea is required to create an implied-in-fact contract."))).

The SAC adequately addresses the deficiencies of the FAC in this regard because it plausibly alleges Kramer, Davis and UTA's understanding of the contract. Plaintiff adequately alleges that there was discussion prior to his providing the Script to Davis and Kramer, and that this led to an understanding by both parties that the presentation of the Script was conditioned on payment should it be used at a later point. (SAC ¶¶ 19–23, 28). Plaintiff also alleges that, "consistent with the custom and practice in the entertainment industry," Defendants were aware that Plaintiff's submission of the Script was conditional, and acceded to that condition by their acceptance and use of the Script. (*Id*. ¶ 63).

Should Plaintiff be able to substantiate these allegations through discovery and the submission of admissible evidence, they are sufficient for a reasonable jury to conclude that there was an implied-in-fact contract for the disclosure of his idea to UTA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                    **Date: June 24, 2015**
Title:     Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

The Court therefore **DENIES** UTA's Motion as to Plaintiff's fourth claim for relief.

> **b.  Plaintiff Sufficiently Alleges that Kramer or Davis had Authority to Bind DeMonaco and WNP**

The Production Defendants argue that Plaintiff fails to allege privity between himself and DeMonaco or WNP.  (Anti-SLAPP Mot. at 14–16).  The Court determines that Plaintiff makes sufficient allegations as to UTA's ability to bind DeMonaco.  Plaintiff thus establishes privity between himself and DeMonaco and WNP sufficient for a breach of implied-in-fact contract claim.  Plaintiff alleges that acceptance of the submission of the Script by Davis was on behalf of UTA and thus, by extension,  also on behalf of the other Defendants.  (SAC ¶ 22).  Further, Plaintiff alleges that DeMonaco was represented by UTA and that the reception by UTA, as DeMonaco's agency, was receipt by DeMonaco.  (*Id*. ¶¶ 31, 40).

These are not detailed allegations, but they are sufficient for the purposes of Rule 8 and to defeat a motion brought under Rule 12(b)(6).  As the Supreme Court has explained "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The Court continued to explain that a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" but, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.*

On a motion to dismiss, the Court has to take Plaintiff's allegations to be true provided they "plausibly" state a claim for relief.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  It is not implausible that UTA (as the agency representing DeMonaco) or UTA's senior executives had the authority to bind DeMonaco, especially in the area of acquiring scripts and ideas.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                    **Date: June 24, 2015**
Title:        Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

Accordingly, the Court **DENIES** the Production Defendants' 12(b)(6) Motion as to Plaintiff's fourth claim for relief for breach of implied-in-fact contract.

## 2. Copyright Claims

To state a claim for copyright infringement, Plaintiff must plausibly allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Defendants do not contest that Plaintiff has a valid copyright interest in the Script.  Instead, they attack the sufficiency of Plaintiff's allegations as to the second element, copying itself.  Because "the actual act of copying is rarely witnessed, copying is ordinarily established indirectly." *Kamar International Inc. v. Russ Berrie and Co.*, 657 F.2d 1059, 1062 (9th Cir. 1981) (holding that absent finding of lack of originality finding of noncopyrightability could not be based on fact that concept of toy animals was taken from the public domain and that mutual manufacturer's possession of material was sufficient to establish defendant's access).  Copyright infringement is typically established indirectly through a demonstration that the defendant had access to the copyrighted work and that the accused work is "substantially similar" to the copyrighted item. *Id.*  Once a plaintiff establishes access and substantial similarity, the burden shifts to the defendant to show independent creation.  *Id.*

In their Anti-SLAPP and 12(b)(6) Motions, the Production Defendants argue that Plaintiff fails to state a claim for copyright infringement because he fails to allege that they had access to the Script.  They argue that Plaintiff may not rely solely on the allegation that there was access because UTA received the Script and it had some relation with DeMonaco.  In support of their argument, they cite to cases holding that "bare corporate receipt" of a copyrighted work is insufficient to establish access necessary to create an inference of copying.

To allege access, Plaintiff must allege facts suggesting a "reasonable opportunity" or "reasonable possibility" of viewing the plaintiff's work. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) (holding that jury's findings of access was supported by substantial access and finding of substantial similarity was

---

**CIVIL MINUTES—GENERAL**                                          **15**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**              **Date: June 24, 2015**
Title:     Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

not clearly erroneous) (quoting 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 13.02[A] (1999)).  This standard is different from a "bare possibility" that a defendant viewed the work, which is insufficient as a matter of law.  *Id.*

The Production Defendants' arguments fail because Plaintiff pleads more than bare corporate receipt of the copyrighted work.  Plaintiff alleges that the Script, once received by Kramer and Davis, was "packaged" and transferred to DeMonaco, and also that Kramer, Davis and/or Charlie Ferraro, DeMonaco's agent at UTA, gave the Script to DeMonaco.  (SAC ¶¶ 32, 40).  He also alleges that Platinum Dunes Productions received the Script through Ken Levin.  (SAC ¶ 41).

Plaintiff's claim for copyright infringement is sufficiently supported by plausible factual allegations.  Given DeMonaco's relationship with UTA at the time of the transmission, Kramer's supervision of DeMonaco's own agent, and the relatively short interval between submission of the Script and the release of *The Purge*, Plaintiff's allegation that the Script was passed on to DeMonaco is not implausible as a matter of law.  Plaintiff is not required to present evidence in support of his allegations at this stage of the litigation.  On a motion under Rule 12(b)(6), where the Court takes Plaintiff's allegations to be true, Plaintiff has plausibly alleged enough to state a claim for copyright infringement against DeMonaco and WNP.

Further, the cases on which the Production Defendants rely are unpersuasive that the allegations in the FAC are deficient.  The Production Defendants' argument is that significant case law establishes that the "bare corporate receipt" of a copyrighted work is insufficient to show access.  (12(b)(6) Mot. at 8–12; Anti-SLAPP Mot. at 9).  However, the cases cited by the Production Defendants hold that ***on summary judgment*** a plaintiff may not rely solely on the fact that an entity received a work to impute access to an employee or some other entity or person with whom it has a relationship.  The plaintiffs in the Production Defendant's cases lost because, despite having conducted discovery, they could provide only conjecture, and no evidence, that the copyrighted work made its way – sometimes through multiple hands – to the defendant.  *See, e.g., Meta-Film Associates, Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1355 (C.D. Cal. 1984) (holding that the "tort[u]ous chain of hypothetical transmittals"

---

**CIVIL MINUTES—GENERAL**                                                    16

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                    **Date: June 24, 2015**
Title:      Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

proposed by plaintiff was inadequate proof on the question of access, as a matter of law); *Gable v. National Broadcasting Company*, 727 F. Supp. 2d 815, 827 (C. D. Cal. 2010) (holding on summary judgment that plaintiff failed to establish access because he "ha[d] not introduced any documentary evidence to support the claim that Plaintiff sent [the copyrighted work] to Gersh at TGA, or that the screenplay ever actually reached Gersh").

In addition, there is Ninth Circuit precedent holding that possession by a third party with dealings with both plaintiff and defendant can establish access by defendant. *Kamar*, 657 F.2d at 1062 (holding that "evidence that a third party with whom both the plaintiff and defendant were dealing had possession of plaintiff's work is sufficient to establish access by the defendant . . . .") (quoting 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 13.02[A] (1981)).  The Court need not address the application of *Kamar* to the facts of this case, nor the numerous California district court cases applying the "bare corporate receipt" doctrine because, as stated above, Plaintiff alleges more than bare corporate receipt and further evaluation of the sufficiency of the evidence of the Production Defendants' access is premature on a motion to dismiss.  Should Plaintiff be able to present evidence obtained during discovery that the Script was sent from Kramer, or Davis, to DeMonaco, he will have plainly established access.

Plaintiff therefore has alleged access by DeMonaco and WNP through UTA.  He has similarly alleged access by Universal and Platinum Dunes through Levin.  (SAC ¶ 41).  Plaintiff, however, has not alleged any facts to show access by Blumhouse or Overlord.  Plaintiff alleges that these entities produced *The Purge* but there are no allegations that they had any access to the Script, or were aware that the screenplay for *The Purge* may have been based on another work.  Therefore, Plaintiff fails to allege access by Blumhouse and Overlord and so fails to allege a claim for copyright infringement as to those entities.

Accordingly, the Court **DENIES** the Production Defendants' 12(b)(6) Motion as to Plaintiff's first two claims for relief for copyright infringement against Universal, DeMonaco, WNP, and Platinum Dunes.  However, the Court **GRANTS** the Production

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                    **Date: June 24, 2015**
Title:      Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

Defendants' 12(b)(6) Motion as to Plaintiff's first two claims against Blumhouse and Overlord.

### 3.  Contributory Infringement

Plaintiff alleges a claim for contributory infringement against only UTA for its role in enabling the infringement by the Production Defendants by passing the Script on to DeMonaco and WNP.  (SAC ¶¶ 58–68).  UTA argues that Plaintiff's claim fails because his direct infringement claims against the Production Defendants fail, and also because he fails to allege the remaining elements of a claim for contributory infringement with sufficient particularity.  (UTA Mot. at 7–9).

Plaintiff's claim of contributory infringement is dependent on the success of his direct infringement claims.  *Perfect 10, Inc. v. Amazon.com, Inc.* ("*Amazon.com*"), 508 F.3d 1146, 1169 (9th Cir. 2007) (holding that for there to be secondary liability plaintiff "must establish that there has been direct infringement by third parties.") (citing *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1015 (9th Cir. 2001), as amended (Apr. 3, 2001), *aff'd sub nom. A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party.")).  Because the Court determines that Plaintiff's copyright claims survive dismissal, his contributory infringement claim does not fail for that reason. The Court, therefore, must evaluate whether Plaintiff sufficiently alleges contributory infringement against UTA.  The Court determines that he does.

To show contributory infringement, Plaintiff must allege that UTA knew of the infringement, and induced, caused or materially contributed to the infringing conduct of another.  *Amazon.com*, 508 F.3d at 1171.  In order to "materially contribute," a defendant must have a "direct connection to that infringement."  *Perfect 10, Inc. v. Visa International Service Association*, 494 F.3d 788, 796 (9th Cir. 2007) (holding that payment processing by credit card company did not constitute contribution to infringement by website publishing unlicensed copyrighted images).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                     **Date: June 24, 2015**
Title:       Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

If Plaintiff is correct in his allegations that UTA distributed the Script for the purpose of its use by DeMonaco to be made into *The Purge*, then UTA has contributed to the infringement of Plaintiff's copyright-protected work and is secondarily liable for such copyright infringement.  Providing the Script to DeMonaco materially contributed to the alleged copyright infringement, for without that action, no infringement would have been possible.  Further, as DeMonaco's agency, and as the agency representing his co-worker on the screenplay and production, Sebastian Lemercier, Plaintiff's allegations that UTA knew of the infringement and its role therein, are not implausible. (SAC ¶¶ 32, 38).

UTA also argues that certain claims are impermissibly pleaded on information and belief.  This argument is unpersuasive.  There is no general bar to pleading upon information and belief.  *See, e.g.*, *Sunshine Media Group, Inc. v. Goldberg*, CV–10–0761–PHX–DGC, 2010 WL 2899081, *5 (D. Ariz. July 22, 2010) (pleading on information and belief that defendant used confidential information in new business for misappropriation claim); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) ("The *Twombly* plausibility standard . . . does not prevent a plaintiff from 'pleading facts alleged on information and belief' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible."); *see generally,* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1224 (3d ed. rev. 2014) ("Although there is no express authorization in the federal rules for pleading on information and belief, allegations in this form have been held to be permissible, even after the *Twombly* and *Iqbal* decisions.")

The authorities UTA provides in support of its position are also easily distinguishable and do not stand for the broad rule UTA asks the Court to apply.  In *Simonyan v. Ally Financial Inc.*, the district court dismissed plaintiff's fraud claims because the factual allegations regarding all of plaintiff's claims were based solely on information and belief and "contain[ed] nothing more than a rote recitation of the required elements of each respective claim."  CV 12–8495–JFW, 2013 WL 45453 at *2 (C.D. Cal. Jan. 3, 2013).  Such is not the case in the SAC.  Plaintiff need not meet the specificity requirements of Rule 9(b) as did the plaintiff in *Simonyan*.  Further,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                    **Date: June 24, 2015**
Title:       Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

Plaintiff makes only limited allegations on information and belief, and has a good faith basis for making those allegations in light of the rest of the allegations made on his personal knowledge.

In *Vivendi SA v. T-Mobile USA, Inc.*, the Ninth Circuit upheld a district court's dismissal of a suit on grounds of forum non conveniens when the single relevant factual allegation was made solely on information and belief and was unrelated to the allegations regarding the claim for relief.  586 F.3d 689, 694 (9th Cir. 2009).  The court explained that the allegation regarding the location from which an individual did business was entirely unrelated to the other allegations regarding fraud, and was made only "upon information and belief."  *Id.*  Because "these allegations are incidental to the substance of [the plaintiff's] complaint" the court held they did not plausibly establish a connection to the United States.  *Id.*  In the present case, Plaintiff alleges only limited elements of his claim upon information and belief.  He does so in order to fill in gaps for which he would not be expected to have personal knowledge, but which are consistent with the rest of his allegations and theories of recovery.

Accordingly, the Court **DENIES** UTA's Motion as to Plaintiff's claim for contributory infringement.

### C.   Motions to Strike

Defendants also seek to strike several items from the SAC under Federal Rule of Civil Procedure 12(f), including: requests for statutory damages and attorney's fees under the Copyright Act, Plaintiff's claim for declaratory relief, and new allegations contained within the SAC.

### 1.   Plaintiff is Not Entitled to Statutory Relief under the Copyright Act

The Production Defendants' first argument in their Motion to Strike is that Plaintiff is not entitled to statutory damages or attorney's fees under the Copyright Act

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV–14–5577–MWF (MRWx)**                    **Date: June 24, 2015**
Title:       Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

because Plaintiff had not registered the Script with the Copyright Office, as is required to get such damages and fees.   (Mot. to Strike at 3–5).

A motion to strike is not the appropriate vehicle to challenge the sufficiency of allegations of damages, as such a motion does not challenge the sufficiency of a defense, nor pleadings that are redundant, immaterial, impertinent, or scandalous. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-75 (9th Cir. 2010) (holding that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law).  The Court will, however, treat the Motion to Strike as one to dismiss under Rule 12(b)(6) and apply the well-known standard for such a motion.

17 U.S.C. § 504 permits a copyright holder to recover statutory damages, as outlined in the statute, in lieu of actual damages.  Further, 17 U.S.C. § 505 allows for the recovery of "reasonable attorney's fees" to the prevailing party.  However, to qualify for statutory damages and attorney's fees Plaintiff must have registered his work with the Copyright Office before "any infringement of copyright commenced." 17 U.S.C. § 412.

Defendants argue that Plaintiff cannot claim statutory damages and attorney's fees because the Script was registered with the Copyright Office only after the first publication of *The Purge*.  Plaintiff does not contest that he may not receive statutory damages or attorney's fees for the infringement by *The Purge*.  However, he argues that because the sequel, *The Purge: Anarchy*, was released after he registered the Script, he is entitled to statutory relief for that instance of infringement.  The question for the Court is whether *The Purge: Anarchy* is part of any infringement that commenced with *The Purge*.

In support of their position, Defendants rely on cases where similar infringing works were produced before registration and infringing activity continued after registration.  In *Mason v. Montgomery Data Inc.*, 967 F.2d 135 (5th Cir. 1992), the Fifth Circuit addressed a case of infringement of a copyrighted work in the form of more than 100 real estate maps, all but one of which were published before

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                    **Date: June 24, 2015**
Title:       Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

registration.  The court held that § 412 barred the statutory remedies sought for all of
the defendants' infringements of a single copyright work if any of the infringements
occurred prior to registration.  *Id*. at 143.

     The Ninth Circuit followed *Mason* in *Derek Andrews, Inc. v. Poof Apparel*, 528
F.3d 696, 700 (9th Cir. 2008).  The court held that plaintiff could not recover statutory
damages for post-registration production of infringing clothing hang tags because the
infringement had "commenced" for the purposes of § 412 before registration. *Id.* at
701.  The court limited plaintiff's recovery even though the infringing hang tag was
used on different merchandise before and after plaintiff's registration.  *Id.*  The court
explained that "§ 412 encourages potential infringers to check the Copyright Office's
database."  *Id.* 700.

     In *B2B CFO Partners, LLC v. Kaufman*, 787 F. Supp. 2d 1002 (D. Ariz. 2011),
the court similarly held that § 412 barred statutory remedies.  In *B2B* the work in
question was a training manual for a financial services firm that served small to
medium-sized businesses.  Plaintiff created a manual in 2005 that was subject to
copyright protection.  A partner at the plaintiff firm left, and created his own manual,
which he published in 2008 and then revised and published again in 2009.  The new
manual was based in large part on the plaintiff's 2005 manual.  Plaintiff registered the
2005 manual only after defendant had published his manual in 2008.

     The parties agreed that statutory damages were not available for the 2008
infringement but disagreed over the 2009 manual.  The district court held that § 412
also barred plaintiff from recovery of statutory damages for the 2009 manual because,
despite the changes, it "did not start a new and separate series of infringing acts."
*Id.* at 1013.

     Similarly, in *Dyer v. Napier*, the district court held that post-registration
customizing of an allegedly infringing sculpture by changing its size, surface texture,
and by adding different sized pedestals did not commence a new act of infringement
under § 412.  CIV04–0408 PHX SMM, 2006 WL 680551, at *4 (D. Ariz. March 16,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                    **Date: June 24, 2015**
Title:       Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

2006). Therefore, statutory damages were not available despite the substantial changes made after registration.

      In response, Plaintiff cites to cases addressing whether sequels or derivative works are separate works for the purposes of calculating statutory damages. (Opp. to Mot. to Strike at 3–7). From this, Plaintiff urges the Court to evaluate the question based on whether *The Purge: Anarchy* has "independent economic value" and argues that it does, therefore constituting a separate instance of infringement. (Opp. to Mot. to Strike at 5–6); *Twin Peaks Productions v. Publications International*, 996 F2d 1366, 1381 (2d Cir. 1993).

      However, Plaintiff's cases are inapposite as they address a question that is not relevant to determining when infringement commences for the purposes of § 412. In each of the cases Plaintiff cites, pre-infringement registration of the first work was not in doubt. The question was whether the plaintiff was entitled to statutory damages for one act of infringement or for multiple acts.

      Plaintiff fails to identify a single case in which a derivative work was considered to be a newly commenced act of infringement such that statutory damages and attorney's fees are available. Given Plaintiff's lack of relevant authority and the incentives for registration and review created by § 412, the Court is not persuaded that the analysis of when infringement "commences" under § 412 is the same as whether a particular work warrants an additional award of statutory damages. For example, in *B2B* and *Derek Andrews* the 2009 manual and hang tags manufactured post-registration were all independently economically viable, and did not rely on the pre-registration copying. However, this did not affect those courts' analysis.

      Therefore, the Court **GRANTS** the Production Defendants' Motion to Strike, as construed as a motion under Rule 12(b)(6), as to Plaintiff's request for statutory damages and attorney's fees ***without leave to amend***.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                    **Date: June 24, 2015**
Title:        Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

### 2.  Declaratory Relief

    Defendants also seek to strike Plaintiff's request for Declaratory Relief.  In his fifth claim Plaintiff requests that he receive credit for the work he contributed to *The Purge*, and *The Purge: Anarchy*, and royalties thereunder.  In his Opposition to Motion to Strike, Plaintiff concedes that this claim has been foreclosed by *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

    Accordingly, the Court **GRANTS** Defendants Motion to Strike as construed as a motion to dismiss Plaintiff's fifth claim for declaratory relief *without leave to amend*.

### 3.  Plaintiff's Amendment of Non-*Desny* Allegations

    Defendants also seek to strike any allegations in the SAC that differ from the FAC because the Court's February 13 Order only granted explicit permission to amend Plaintiff's then-dismissed *Desny* claim.  Under Federal Rule of Civil Procedure 15, once 21 days have passed since the filing of a responsive motion, a plaintiff may only amend a pleading with the Court's permission.  However, in comparing the FAC and SAC, it is apparent to the Court that Plaintiff's amendment has not changed the scope of his claims.  Further, the Court sees no prejudice faced by Defendants as a result of these amendments.

    The Court therefore **DENIES** Defendants' Motions to Strike Plaintiff's new allegations of access.

## IV.   <u>CONCLUSION</u>

    For the reasons stated above the Court rules as follows:

- UTA's Motion: **DENIED** as to all of Plaintiff's claims except as to Plaintiff's fifth claim for relief for declaratory relief, which is **DISMISSED** *without leave to amend*.

- Production Defendants' Anti-SLAPP Motion: **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**                    **Date: June 24, 2015**
Title:        Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

- Production Defendants' 12(b)(6) Motion: **DENIED** as to Universal, Platinum Dunes, WNP, and DeMonaco, but **GRANTED** as to Blumhouse and Overlord.  Because Plaintiff has already had three opportunities to state his claims, the claims against Blumhouse and Overlord are **DISMISSED** *without leave to amend*.

- Production Defendants' Motion to Strike: **GRANTED** as to Plaintiff's request for statutory damages and attorney's fees under the Copyright Act, and as to Plaintiff's request for declaratory relief, which are **DISMISSED** *without leave to amend*.  The Motion is **DENIED** as to Plaintiff's amended allegations.

The remaining Defendants shall file an Answer within **14 days** of the filing of this Order.

IT IS SO ORDERED.