Bryan J. Freedman, Esq. (SBN 151990)
bfreedman@ftllp.com
Jesse A. Kaplan, Esq. (SBN 255059)
jkaplan@ftllp.com
FREEDMAN + TAITELMAN, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, CA 90067
Telephone: (310) 201-0005
Facsimile: (310) 201-0045

Attorneys for Defendant United Talent Agency, Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS JORDAN-BENEL, an individual,<br><br>Plaintiff,<br>v.<br><br>UNIVERSAL CITY STUDIOS, INC., a Delaware corporation; UNITED TALENT AGENCY, INC., a California corporation; BLUMHOUSE PRODUCTIONS, LLC, a Delaware Limited Liability Company; OVERLORD PRODUCTIONS LLC, a California Limited Liability Company; PLATINUM DUNES PRODUCTIONS, a California Corporation; WHY NOT PRODUCTIONS, INC. d/b/a WHY NOT FILMS, a Nevada Corporation; JAMES DEMONACO, an individual, and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.: CV 14-5577-MWF (MRW)<br><br>[Assigned to: Hon. Michael W. Fitzgerald]<br><br>**DEFENDANT UNITED TALENT AGENCY, LLC'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br><u>DEMAND FOR JURY TRIAL</u><br><br>Action Filed: October 10, 2014 |

Defendant United Talent Agency, LLC, formerly known as United Talent Agency, Inc. ("Defendant") hereby answers the Second Amended Complaint (the "SAC") filed by plaintiff Douglas Jordan-Benel ("Plaintiff") as follows:

**PARTIES**

1. Answering the allegations in paragraph 1 of the SAC, Defendant is without knowledge or information as to the truth of those allegations, and therefore denies such allegations.

2. Answering the allegations in paragraph 2 of the SAC, Defendant is without knowledge or information as to the truth of those allegations, and therefore denies such allegations.

3. Answering the allegations in paragraph 3 of the SAC, Defendant denies that it was at all times a for-profit corporation organized and existing pursuant to the laws of the State of California. Defendant admits that it has its principal place of business in Los Angeles, California.

4. Answering the allegations in paragraph 4 of the SAC, Defendant is without knowledge or information as to the truth of those allegations, and therefore denies such allegations.

5. Answering the allegations in paragraph 5 of the SAC, Defendant is without knowledge or information as to the truth of those allegations, and therefore denies such allegations.

6. Answering the allegations in paragraph 6 of the SAC, Defendant is without knowledge or information as to the truth of those allegations, and therefore denies such allegations.

7. Answering the allegations in paragraph 7 of the SAC, Defendant is without knowledge or information as to the truth of those allegations, and therefore denies such allegations.

8. Answering the allegations in paragraph 8 of the SAC, Defendant admits that James DeMonaco is an individual. Defendant further admits that James

DeMonaco does business in California.

9. Answering the allegations in paragraph 9 of the SAC, this paragraph does not allege any facts that can be admitted or denied.

10. Answering the allegations in paragraph 10 of the SAC, Defendant denies such allegations.

11. Answering the allegations in paragraph 11 of the SAC, Defendant denies such allegations.

12. Answering the allegations in paragraph 12 of the SAC, this paragraph does not allege any facts that can be admitted or denied.

13. Answering the allegations in paragraph 13 of the SAC, Defendant admits such allegations.

14. Answering the allegations in paragraph 14 of the SAC, Defendant admits that venue is proper in this Judicial District. Defendant is without knowledge or information as to the truth of the remaining allegations, and therefore denies such allegations.

15. Answering the allegations in paragraph 15 of the SAC, Defendant is without knowledge or information as to the truth of those allegations, and therefore denies such allegations.

16. Answering the allegations in paragraph 16 of the SAC, Defendant is without knowledge or information as to the truth of those allegations, and therefore denies such allegations.

17. Answering the allegations in paragraph 17 of the SAC, Defendant is without knowledge or information as to the truth of those allegations, and therefore denies such allegations.

18. Answering the allegations in paragraph 18 of the SAC, Defendant is without knowledge or information as to the truth of those allegations, and therefore denies such allegations.

19. Answering the allegations in paragraph 19 of the SAC, Defendant

admits that on June 30, 2011, Peck sent an email to Kramer of UTA about Plaintiff and inquiring into whether Defendant would be interested in representing Plaintiff generally. Defendant admits that Peck's email discussed, among other things, Plaintiff's Screenplay. Defendant denies that the email was about the Screenplay.

20. Answering the allegations in paragraph 20 of the SAC, Defendant is without knowledge or information as to the truth of those allegations, and therefore denies such allegations.

21. Answering the allegations in paragraph 21 of the SAC, Defendants admits that Peck contacted and spoke with Davis in July 2011. Defendant further admits that during that telephone call, Peck asked to email a copy of a few screenplays to Davis and that Davis told Peck that he could do so. Defendant denies all other allegations in this paragraph.

22. Answering the allegations in paragraph 22 of the SAC, Defendant admits that on July 8, 2011, Peck emailed two screenplays to Davis. Defendant admits that Kramer was a CC recipient of that email. UTA further admits that a copy of Pecks' email is attached as Exhibit C to the SAC and that Peck said the following:

> "Hey Emerson,
>
> It was nice chatting and I'm very pleased to recommend to UTA this talented and prolific feature film screenwriter and comic book author who splits his time between Switzerland and LA.
>
> As discussed, I'm attaching two of his screenplays, BARRY and SETTLER'S DAY.
>
> BARRY is a terrific and entertaining period family film based on the true legend of a young monk struggling with his vows while training an obstreperous pup into the greatest St. Bernard rescue dogs of all time in the alps. This sold for six figures to Millbrook Pictures (one of the producers of Oliver Stone's "W") and has Daniel Radcliffe attached.
>
> Douglas's new script SETTLERS DAY is a very intelligent and suspenseful thriller about a family under siege in a near-future America in which there is a national holiday during which revenge killing is legal. It's like one of those classic Twilight Zone tales on steroids and with lots of thrills, emotion and big underlying

contemporary issues.

Douglas is also repped by attorney Shep Rosenman at Katz Golden Rosenman and we anticipate going out with a few of his comic book presentations in a few weeks at ComiCon with Ken Levin. The ultimate goal will be setting them set up as films and one is based on Doug's screenplay, "S.P.I.R.E.", a supernatural adventure set in the gaslit world of New York City in 1904.

I look forward to hearing your thoughts on the material and continuing our conversation.

Warm regards,

Adam”

Defendant denies all other allegations in paragraph 22.

23. Answering the allegations in paragraph 23 of the SAC, Defendant denies such allegations.

24. Answering the allegations in paragraph 24 of the SAC, Defendant admits that in an email dated July 13, 2011, Davis stated, among other things, that he had “read both scripts” and that he “had a difficult time buying in to the premise of *Settler’s Day*.” Defendant further denies that Davis stated he was going to “pass” on *Settler’s Day*. Defendant further admits that Kramer was a recipient of that email.

25. Answering the allegations in paragraph 25 of the SAC, Defendant admits that Kramer is one of Defendant’s Managing Directors and that he directly supervises Davis and Ferraro, who is another UTA talent agent. Defendant denies that Kramer is the Managing Director of Feature Productions of UTA.

26. Answering the allegations in paragraph 26 of the SAC, Defendant is without knowledge or information as to the truth of those allegations, and therefore denies such allegations.

27. Answering the allegations in paragraph 27 of the SAC, Defendant admits that it represents Jenny Bicks who is a producer and screenwriter. Defendant is without knowledge or information as to the truth of whether Bicks is Peck’s wife.

28. Answering the allegations in paragraph 28 of the SAC, Defendant denies such allegations.

29. Answering the allegations in paragraph 29 of the SAC, Defendant admits that Davis did not state that he would destroy or return the electronic copy of *Settler's Day* which Peck had emailed to Davis. Defendant further admits that Davis still has the July 8, 2011 email with the attached screenplays. Defendant is unaware of how it could return an email, but admits that Davis did not do so.

30. Answering the allegations in paragraph 30 of the SAC, Defendant denies such allegations.

31. Answering the allegations in paragraph 31 of the SAC, Defendant admits that DeMonaco is credited as the sole writer of The Purge. Defendant further admits that it represented DeMonaco in 2013. Defendant denies that it has at all times represented DeMonaco.

32. Answering the allegations in paragraph 32 of the SAC, Defendant denies such allegations.

33. Answering the allegations in paragraph 33 of the SAC, Defendant is without knowledge or information as to the truth of those allegations, and therefore denies such allegations.

34. Answering the allegations in paragraph 34 of the SAC, Defendant is without knowledge or information as to the truth of those allegations, and therefore denies such allegations.

35. Answering the allegations in paragraph 35 of the SAC, Defendant is without knowledge or information as to the truth of those allegations, and therefore denies such allegations.

36. Answering the allegations in paragraph 36 of the SAC, Defendant is without knowledge or information as to the truth of those allegations, and therefore denies such allegations.

37. Answering the allegations in paragraph 37 of the SAC, Defendant is

without knowledge or information as to the truth of those allegations, and therefore denies such allegations.

38. Answering the allegations in paragraph 38 of the SAC, Defendant admits that it represents Lemercier. Defendant is without knowledge or information as to the truth of the remaining allegations, and therefore denies such allegations.

39. Answering the allegations in paragraph 39 of the SAC, Defendant admits that Davis and Kramer work with Ferraro. Defendant denies that Davis, Kramer and Ferraro all worked together on all the feature film projects identified in paragraph 39.

40. Answering the allegations in paragraph 40 of the SAC, Defendant denies such allegations.

41. Answering the allegations in paragraph 41 of the SAC, Defendant denies that it accessed and copied from *Settler's Day* via another route of access. Defendant denies that it accessed *Settler's Day* through Universal/Platinum Dunes. Defendant is without knowledge or information as to the truth of the remaining allegations, and therefore denies such allegations.

42. Answering the allegations in paragraph 42 of the SAC, Defendant is without knowledge or information as to the alleged similarities, and therefore denies such allegations. Defendant denies that *The Purge* was not independently created.

43. Answering the allegations in paragraph 43 of the SAC, Defendant is without knowledge or information as to the alleged similarities, and therefore denies such allegations. Defendant denies that *The Purge* was not independently created.

44. Answering the allegations in paragraph 44 of the SAC, Defendant denies such allegations.

45. Answering the allegations in paragraph 45 of the SAC, Defendant is without knowledge or information as to the truth of those allegations, and therefore

denies such allegations.

46. Answering the allegations in paragraph 46 of the SAC, this paragraph does not allege any facts that can be admitted or denied.

47. Answering the allegations in paragraph 47 of the SAC, Defendant denies such allegations.

48. Answering the allegations in paragraph 48 of the SAC, Defendant denies such allegations.

49. Answering the allegations in paragraph 49 of the SAC, Defendant denies such allegations.

50. Answering the allegations in paragraph 50 of the SAC, Defendant denies such allegations.

51. Answering the allegations in paragraph 51 of the SAC, Defendant denies such allegations.

52. Answering the allegations in paragraph 52 of the SAC, this paragraph does not allege any facts that can be admitted or denied.

53. Answering the allegations in paragraph 53 of the SAC, Defendant admits that DeMonaco was credited as the writer and director of *The Purge* and that a script written by DeMonaco was utilized to produce *The Purge*. Defendant is without knowledge or information as to the truth of the remaining allegations, and therefore denies such allegations.

54. Answering the allegations in paragraph 54 of the SAC, Defendant denies such allegations.

55. Answering the allegations in paragraph 55 of the SAC, Defendant denies such allegations.

56. Answering the allegations in paragraph 56 of the SAC, Defendant denies such allegations.

57. Answering the allegations in paragraph 57 of the SAC, Defendant denies such allegations.

58. Answering the allegations in paragraph 58 of the SAC, this paragraph does not allege any facts that can be admitted or denied.

59. Answering the allegations in paragraph 59 of the SAC, Defendant denies such allegations.

60. Answering the allegations in paragraph 60 of the SAC, Defendant admits that Peck emailed a script entitled *Settler's Day* to Davis. Defendant is without knowledge or information as to the truth of the remaining allegations, and therefore denies such allegations.

61. Answering the allegations in paragraph 61 of the SAC, Defendant denies such allegations.

62. Answering the allegations in paragraph 62 of the SAC, Defendant denies such allegations.

63. Answering the allegations in paragraph 63 of the SAC, Defendant denies such allegations.

64. Answering the allegations in paragraph 64 of the SAC, Defendant denies such allegations.

65. Answering the allegations in paragraph 65 of the SAC, Defendant denies such allegations.

66. Answering the allegations in paragraph 66 of the SAC, Defendant is without knowledge or information as to the alleged similarities. Defendant denies all further allegations in paragraph 66.

67. Answering the allegations in paragraph 67 of the SAC, Defendant denies such allegations.

68. Answering the allegations in paragraph 68 of the SAC, Defendant denies such allegations.

69. Answering the allegations in paragraph 69 of the SAC, this paragraph does not allege any facts that can be admitted or denied.

70. Answering the allegations in paragraph 70 of the SAC, Defendant denies such allegations.

71. Answering the allegations in paragraph 71 of the SAC, Defendant denies such allegations.

72. Answering the allegations in paragraph 72 of the SAC, Defendant denies such allegations.

73. Answering the allegations in paragraph 73 of the SAC, Defendant denies such allegations.

74. Answering the allegations in paragraph 74 of the SAC, Defendant denies the existence of any such agreement. Defendant further denies that Defendant, DeMonaco and Why Not Productions utilized and profited from Plaintiff's alleged ideas.

75. Answering the allegations in paragraph 75 of the SAC, Defendant denies such allegations.

## AFFIRMATIVE AND OTHER DEFENSES

By alleging the following Affirmative and Other Defenses, Defendant is not in any way agreeing or conceding that he has the burden of proof or burden of persuasion on any of these issues.

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's SAC fails to state a claim against Defendant for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's SAC, and each and every cause of action alleged against Defendant therein, is barred in whole or in part by the doctrine of independent/prior creation.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's copyright infringement claim is barred by the doctrine of copyright misuse.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's copyright infringement claim is barred by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's copyright infringement claim is barred based on an implied or express license.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's copyright infringement claim is barred, in whole or in part, because of Plaintiff's failure to mitigate his alleged damages, if any, and any recovery by Plaintiff should be reduced or denied accordingly.

## SEVENTH AFFIRMATIVE DEFENSE

10. The SAC, and each purported cause of action contained therein, is barred because Plaintiff lacks standing and/or capacity to bring this action.

WHEREFORE, having answered the allegations in the SAC, Defendant respectfully prays that the Court:

A. Dismiss the SAC with prejudice;

B. Enter judgment in favor of Defendant and against Plaintiff;

C. Award Defendant its attorneys' fees under the Copyright Act as prevailing parties; and

D. Award Defendant its costs in defending against Plaintiff's claims; and

E. Grant Defendant such other and further relief as the Court may deem just and proper.

Dated: July 8, 2015

FREEDMAN + TAITELMAN, LLP

By: /s/
Bryan J. Freedman
Jesse A. Kaplan
Attorneys for Defendant
United Talent Agency, Inc.

**JURY DEMAND**

Defendant demands a trial by jury of all counts and claims so triable.

Dated: July 8, 2015

FREEDMAN + TAITELMAN, LLP

By: ____________/s/________________

Bryan J. Freedman
Jesse A. Kaplan
Attorneys for Defendant
United Talent Agency, Inc.