1  Steven T. Lowe SBN 122208
       *steven@lowelaw.com*
2  Aleksandra Hilvert SBN 258463
       *aleksandra@lowelaw.com*
3  **LOWE & ASSOCIATES, P.C.**
   11400 Olympic Blvd., Suite 640
4  Los Angeles, CA  90064
   Telephone: (310) 477-5811
5  Facsimile: (310) 477-7672

6  Attorneys for Plaintiff, **DOUGLAS JORDAN-BENEL**

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  **DOUGLAS JORDAN-BENEL,** an individual,

12              Plaintiff,
                   v.

13

14  **UNIVERSAL CITY STUDIOS, INC.,** a Delaware corporation**;**

15  **UNITED TALENT AGENCY, INC.,** a California Corporation;

16  **BLUMHOUSE PRODUCTIONS, LLC,** a Delaware Limited Liability

17  Company; **OVERLORD PRODUCTIONS LLC,** a California

18  Limited Liability Company;

19  **PLATINUM DUNES PRODUCTIONS,** a California

20  Corporation; **WHY NOT PRODUCTIONS, INC. d/b/a**

21  **WHY NOT FILMS,** a Nevada Corporation; **JAMES**

22  **DEMONACO,** an individual,  and DOES 1 to 50, inclusive,

23

24              Defendants.

25

26

27

28

| | |
|---|---|
| **CASE NO.:   14-cv-05577-MWF- MRW** | |
| Assigned to Hon. Michael W. Fitzgerald | |

**PLAINTIFF DOUGLAS JORDAN-BENEL'S MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 24, 2015 ORDER**

[Filed Concurrently With (Proposed) Order]

**Date:  October 26, 2015**
**Time:  10:00 a.m.**
**Place:  Court Room 1600**

Action Filed:  July 17, 2014

TO THE COURT, THE PARTIES AND THEIR COUNSEL:

PLEASE TAKE NOTICE that on October 26, 2015, at 10:00 am, or as soon thereafter as the parties may be heard, before the Honorable Michael W. Fitzgerald, United States District Judge, in Courtroom No. 1600, located at the 312 North Spring Street, Los Angeles, California 90012, Plaintiff Douglas Jordan-Benel ("Plaintiff") will and hereby does move the Court, pursuant to Federal Rules of Civil Procedure 54(b) and 60(b) as well as Local Rule 7-18, to reconsider and to alter or amend its order dated June 24, 2015 ("Order").

Specifically, Plaintiff seeks that the Court reconsider and revise its grant of Defendants' Universal City Studios, LLC, Why Not Productions, Overlord Productions ("Overlord"), Platinum Dunes Productions and Blumhouse Productions ("Blumhouse") (collectively, "Defendants") Fed. R. Civ. Pro. 12(b)(6) Motion as *to Blumhouse and Overlord* without leave to amend on the grounds that:

1.   The order granting Defendants' F.R.C.P. 12(b)(6) motion as to Blumhouse and Overlord is the result of a manifest failure by the Court to consider a material fact that was presented to the Court before such decision;

2.   The order granting Defendants' Fed. R. Civ. Pro. 12(b)(6) motion as to Blumhouse and Overlord is based upon clear errors of law; and,

3.     Neither Defendants' moving papers nor the Court's tentative ruling on May 18, 2015, provided Plaintiff with any indication that dismissal of these two defendants was a possibility and therefore, Plaintiff did not have an opportunity to argue his position on the merits.

This motion is based upon this Notice of Motion and Motion for Reconsideration, the attached Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such further evidence and arguments as may be presented either by way of opposition, reply, or at the hearing on this Motion.  This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place telephonically on July 6, 2015, as well as on various other dates via electronic mail.

Respectfully submitted,


LOWE & ASSOCIATES P.C.

*/s/ Steven T. Lowe*

_____
STEVEN T. LOWE
ALEKSANDRA HILVERT
Attorneys for
PLAINTIFF DOUGLAS JORDAN-BENEL

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ...........................................................i

TABLE OF AUTHORITIES.......................................................ii

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ............................ 1

II.   LEGAL STANDARD ................................................................ 3

III.  ARGUMENT ...................................................................... 6

A.    Plaintiff's Motion Should Be Granted Because The Court Improperly
      Dismissed Defendants Blumhouse and Overlord.............................6

      1.   Blumhouse and Overlord Should Not Be Dismissed From The Lawsuit
           Since The Court Committed Clear Error As To The
           Law...............................................................................6

      2.   Blumhouse and Overlord Should Not Be Dismissed As A Matter Of
           Law Since The Court Overlooked Material Facts, Which Mandate
           These Defendants Remain Part Of The Case............................9

      3.   The Court Did Not Provide Plaintiff The Opportunity To Argue This
           Issue On The Merits And Plaintiff Is Not Rearguing These Issues…14

      4.   The Motion Is Timely……………………………………………15

IV.   CONCLUSION .............................................................. 15

# TABLE OF AUTHORITIES

1

2

## CASES

Abada v. Charles Schwab & Co.
 127 F. Supp. 2d 1101 (S.D. Cal. 2001) ........................................ 3

Am. Vitagraph, Inc. v. Levy
 659 F.2d 1023 (9th Cir. 1981)...................................................... 13

Batjac Prods. Inc. v. GoodTimes Home Video Corp.
 160 F.3d 1223 (9th Cir. 1998)...................................................... 11

Blaustein v. Burton
 9 Cal. App. 3d 161 (1970)............................................................ 11

Carriker v. Carriker
 350 N.C. 71, 72 (N.C. 1999) ........................................................ 4

Credit Suisse First Boston Corp. v. Grunwald
 400 F.3d 1119 (9th Cir. 2005) ................................................. 3,15

Educ. Testing Serv. v. Simon
 95 F. Supp. 2d 1081 (C.D. Cal. 1999)........................................... 9

In re Hewlett Packard Co. Sec. Litig.
 No. SACV 11-1404 AG RNBX, 2013 WL 3582761, at 1 (C.D. Cal.
 June 17, 2013) ............................................................................... 5

Jadwin v. County of Kern
 2010 U.S. Dist. LEXIS 30949 *26 (E.D. Cal. Mar. 31, 2010) ...... 3

Kalem Co. v. Harper Bros.
 222 U.S. 55 (1911)....................................................................... 13

Kingvision Pay-Per-View Ltd. v. Lake Alice Bar
 168 F.3d 347 (9th Cir. 1999)......................................................... 4

Kona Enters, Inc. v. Estate of Bishop
 229 F.3d 877 (9th Cir. 2000)......................................................... 4

L.A. Printex Indus., Inc. v. Aeropostale, Inc.
 676 F.3d 841 (9th Cir. 2012)......................................................... 8

Maljack Prods., Inc. v. UAV Corp.
 964 F. Supp. 1416 (C.D. Cal. 1997)............................................ 11

Mirage Editions, Inc. v. Albuquerque A.R.T. Co.
    856 F.2d 1341 (9th Cir. 1988) ........................................................ 10

Prince v. Seydel
    961 F.2d 1470 (9th Cir. 1992) ........................................................ 4

Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.
    5 F.3d 1255 (9th Cir. 1993) ........................................................ 4,5

Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.
    453 F.2d 552 (2d Cir. 1972) ........................................................ 7

Solis v. United States
    2010 U.S. Dist. LEXIS 135820 *10 (E.D. Cal. Dec. 22, 2010) .................. 14

Sony Corp. of Am. v. Universal City Studios, Inc.
    464 U.S. 417 (1984) ........................................................ 8,10

Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.
    647 F.2d 200 (D.C. Cir. 1981) ........................................................ 7

Sygma Photo News, Inc. v. High Soc. Magazine, Inc.
    778 F.2d 89 (2d Cir. 1985) ........................................................ 7

UMG Recordings, Inc. v. Disco Azteca Distributors, Inc.
    446 F. Supp. 2d 1164 (E.D. Cal. 2006) ........................................................ 9

United States v. Martin
    226 F.3d 1042 (9th Cir. 2000) ........................................................ 3


**STATUTES**


17 U.S.C. § 101…........................................................ 10,12,13

17 U.S.C. § 106…........................................................ 2,7,10

17 U.S.C. § 106(1)........................................................ 11

17 U.S.C. § 106(2)........................................................ 10

17 U.S.C. § 106(3)........................................................ 12

17 U.S.C. § 106(3)(4) ........................................................ 12

17 U.S.C. § 106(4)........................................................ 13

Cal. Civ. Code § 1621 ........................................................ 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## RULES

Federal Rules of Civil Procedure
    Rule 54(b)… ...................................................................... 2,15
    Rule 60(b)… ...................................................................... 4,16
Local Rule 7-18 Central District of California ........................................... 5

## OTHER AUTHORITIES

Copyright Office Circular 14
    Copyright in Derivative Works and Compilations ..................................... 13
Melville Nimmer and David Nimmer
    Nimmer on Copyright ...................................................... 11,12,13

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION & SUMMARY OF ARGUMENT

Plaintiff, by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 54(b), 60(b) as well as Local Rule 7-18, respectfully submits this Memorandum of Points and Authorities in support of his motion for reconsideration ("Motion") of the Court's Order granting Defendants' 12(b)(6) Motion as to Blumhouse and Overlord ("Order").  As discussed in greater detail below, Plaintiff seeks reconsideration of the Court's Order granting Defendants' 12(b)(6) Motion as to Blumhouse and Overlord in this action for the following three reasons:

1. First, if Plaintiff can allege copyright infringement against one defendant, then ***any defendant in the chain of distribution*** that violates an exclusive right of the Plaintiff under 17 U.S.C. §106 is also liable for copyright infringement.  In other words, knowledge or intent to infringe is not required because copyright infringement is a strict liability tort.  *See* § III(A)(1), *infra*. In the present case, the Court granted the Motion to dismiss as to Blumhouse and Overlord because Plaintiff had not alleged any access *as to these Defendants* [*see,* Court's June 24, 2015 Order, Docket ("Dkt.") No. 62, pg. 17-18], however, there does not need to be access *as to each defendant* for additional defendants to be liable for copyright infringement.  If the work has

been infringed and other defendants even innocently violate the plaintiff's rights under 17 U.S.C. §106, they are liable as well.

2. The court failed to consider ***several material facts*** which were present in Plaintiff's Second Amended Complaint ("SAC"). When taken as true for purposes of the pleading stage, these material facts properly allege that Blumhouse and Overlord are liable for copyright infringement despite no actual allegations of access between Plaintiff and these particular defendants. Under 17 U.S.C. §106, the owner of a copyright is granted a number of exclusive rights and any party who violates one of these exclusive rights is liable for copyright infringement. The relevant rights in this instance is the right to prepare a derivative work of the copyrighted work, the right to make copies of the copyrighted work, the right to distribute the copyrighted work, and the right to perform the copyrighted work publicly. *See*, 17 U.S.C. §106. As alleged in Plaintiff's SAC, Blumhouse and Overlord, as producers of *The Purge* violated these four exclusive rights of the Plaintiff, and therefore are liable for copyright infringement. *See* SAC, Dkt. No. 30; *See also*, Sec. III(A)(2), *infra*.

3. The court furthermore did not provide Plaintiff with an opportunity to argue his position either in the pleading stage or during oral argument and therefore, the ruling was made in clear error after not providing Plaintiff with an opportunity to argue the same. *See* § III(A)(3), *infra*.

## II.   LEGAL STANDARD

This Court has the authority to modify or alter its Order under two rules of Federal Civil Procedure (both Fed. R. Civ. P.  54(b) and Fed. R. Civ. P.  60(b)), as well as the Local Rules of Practice and Procedure for the Central District of California 7-18.

Under Rule 54(b), a district court has inherent authority to "reconsider and modify an interlocutory decision for *any reason it deems sufficient*, even in the absence of new evidence or an intervening change in or clarification of controlling law (emphasis added)" Jadwin v. County of Kern, 2010 U.S. Dist. LEXIS 30949 *26 (E.D. Cal. Mar. 31, 2010) (quoting Abada v. Charles Schwab & Co., 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2001); *See also*, Fed. R. Civ. P. 54(b)); *See also*, United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000) (stating that until final judgment is entered, a district court has the "inherent jurisdiction to modify, alter, or revoke" interlocutory decisions); *See also*, Credit Suisse First Boston Corp. v. Grunwald, 400 F.3d 1119, 1124 (9th Cir. 2005) (identifying the "well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory").   Here, the Order was an interlocutory decision since it was based on a Fed. R. Civ. P.  12(b)(6) motion which, during the pendency of an action, would not dispose of the case but leave it for further action by the trial court in order to settle and determine the entire

---

controversy.   <u>Carriker v. Carriker</u>, 350 N.C. 71, 72 (N.C. 1999).  Therefore, this Court has inherent jurisdiction to modify the Order as it sees fit.

Under Rule 60(b), a party may bring a motion for relief from a judgment due to "mistake, inadvertence, surprise, excusable neglect... or misconduct by an opposing party... [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b).  It is well established that "reconsideration is appropriate where the court is presented with newly discovered evidence, the court committed ***clear error*** or the decision was manifestly unjust, or there was an intervening change in controlling law". <u>Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). While it is true that a motion for reconsideration should not be used to reargue the motion or present evidence that should have been presented previously (<u>Kona Enters, Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000)) (internal quotation marks omitted), the basis for relief may "include mistake and inadvertence by the judge." <u>Kingvision Pay-Per-View Ltd. v. Lake Alice Bar</u>, 168 F.3d 347, 350 (9th Cir. 1999). Motions under Rule 60(b) are also within the sound discretion of the district court. <u>Price v. Seydel</u>, 961 F.2d 1470, 1473 (9th Cir. 1992).

Here, the Court committed clear error when dismissing Blumhouse and Overlord under well-established copyright principles.   In fact, Defendants did not even raise the lack of access as to particular defendants as grounds to dismiss as to those particular defendants. (See, Dkt No. 35-37).  Thus, this Motion does not

reargue any previous arguments since the dismissal of certain defendants was not contemplated (and therefore, not argued) during the parties' motion practice, or during the May 18th hearing on the merits.

Finally, Local Rule 7-18 of Practice and Procedure for the Central District of California permits a party to move for reconsideration of an order if there is "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion". Local Rule 7-18 Central District of California. Some courts have "... applied standards typically used for reconsideration motions made under Federal Rules of Civil Procedure 59(e) or 60(b)." In re Hewlett Packard Co. Sec. Litig., No. SACV 11-1404 AG RNBX, 2013 WL 3582761, at 1 (C.D. Cal. June 17, 2013). These "standards include the following from the Ninth Circuit: '[r]econsideration is appropriate if the district court… committed clear error or the initial decision was manifestly unjust…". Id, at 1 quoting Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). As

shown below, Plaintiff's Motion meets the thresholds required pursuant to Fed. R.

Civ. P.  54(b), Fed. R. Civ. P.  60(b) and Local Rule 7-18.

### III.  ARGUMENT

**A. Plaintiff's Motion Should be Granted because the Court Improperly**

**Dismissed Defendants Blumhouse and Overlord.**

> **1.   Blumhouse and Overlord should not be dismissed from the**
>
> **lawsuit since the Court committed clear error as to the law.**

The methodology employed by the Court in arriving at its determination to

grant Defendants' 12(b)(6) motion as to Blumhouse and Overlord is inconsistent

with established law and therefore the Court has committed clear error.

The court granted the Defendants' 12(b)(6) motion as to Blumhouse and

Overlord based on the reasoning that Plaintiff had "not alleged any facts to show

access by Blumhouse or Overlord" or alleged any facts to show Blumhouse and

Overlord "were aware that the screenplay for *The Purge* may have been based on

another work." *See,* Dkt. No. 62, pg. 18. Therefore, the court reasoned, Plaintiff

failed "to allege a claim for copyright infringement as to those entities." Dkt. 62,

pg. 17.  There are two flaws to this reasoning that are inconsistent with established

Copyright law.

First, Plaintiff was not required to allege access by Blumhouse and Overlord.

If a plaintiff can successfully allege copyright infringement against one defendant,

that is sufficient to allege copyright infringement against any defendant in the chain

of distribution that violates an exclusive right of the Plaintiff. *See*

Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd., 647 F.2d

200, 207 (D.C. Cir. 1981) (stating "courts have long held that in...copyright

infringement cases, any member of the distribution chain can be sued as an alleged

joint tortfeasor"); Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.,

453 F.2d 552, 554 (2d Cir. 1972) (stating "[c]opyright infringement is in the nature

of a tort, for which all who participate in the infringement are jointly and severally

liable"); Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc., 832 F. Supp. 1378,

1384 (C.D. Cal. 1993) (stating "[i]t is well settled that the distribution of an

infringing work subjects the distributor to liability" and "...a copyright owner may

sue 'any member of the distribution chain'"); *See also*, Sygma Photo News, Inc. v.

High Soc. Magazine, Inc., 778 F.2d 89, 92 (2d Cir. 1985) (stating "[a]ll persons and

corporations who participate in, exercise control over, or benefit from the

infringement are jointly and severally liable as copyright infringers").

    Under 17 U.S.C. §106, a copyright owner has the exclusive right to exploit

his copyrighted work in a number of ways, including the right to prepare a

derivative work, the right to make copies of his work, the right to publicly perform

his work, and the right to distribute his work to the public. Anyone that violates an

exclusive right of a copyright owner by "using or authorizing the use of the

copyrighted work in one of the...ways set forth in the statute…" is considered a

copyright infringer. <u>Sony Corp. of Am. v. Universal City Studios, Inc.</u> 464 U.S. 417, 433 (1984).

In its June 24, 2015 Order, the Court ruled that "Plaintiff's claim for copyright infringement [was] sufficiently supported by plausible factual allegations." Dkt. No. 62, pg. 16.  Therefore, any party in the chain of distribution that violated an exclusive right of the Plaintiff is also potentially liable for copyright infringement.  <u>L.A. Printex Indus., Inc. v. Aeropostale, Inc.</u>, 676 F.3d 841, 848 (9th Cir. 2012).  Accordingly, Plaintiff has alleged copyright infringement against Blumhouse and Overlord because, as producers of *The Purge*, they violated multiple exclusive rights of the Plaintiff by preparing a derivative work of Plaintiff's work, copying wholly original elements of Plaintiff's work, and distributing Plaintiff's work, which can be found in the Second Amended Complaint ("SAC") as follows:

1) "Releas[ing] *The Purge: Anarchy* which is a direct sequel to *The Purge* and a derivative thereof" which  "utilizes the same basic core expression of *Settler's Day*"; (SAC, ¶ 44)

2) "Copying wholly original elements from Plaintiff's…*Settler's Day*, without any permission, in *The Purge*"; (SAC, ¶ 48) and,

3) "Broadcast[ing], distribut[ing], publish[ing], [selling], convey[ing] and otherwise exploit[ing] *The Purge* without authorization, in violation of Plaintiff's rights" (SAC, ¶ 49).

Second, copyright infringement is a strict liability tort and therefore intent to infringe or knowledge that one is infringing copyrighted material is not required. *See* <u>Educ. Testing Serv. v. Simon</u>, 95 F. Supp. 2d 1081, 1087 (C.D. Cal. 1999) (stating "[t]here is no need to prove anything about a defendant's mental state to establish copyright infringement; it is a strict liability tort"); <u>UMG Recordings, Inc. v. Disco Azteca Distributors, Inc.</u>, 446 F. Supp. 2d 1164, 1172 (E.D. Cal. 2006) (stating "[a] plaintiff need not demonstrate the defendant's intent to infringe the copyright in order to demonstrate copyright infringement"). The issue of knowledge is relevant when calculating damages, but not relevant for the question of actual liability. *See* <u>13-CLRS25 Nimmer on Copyright III</u> (stating "[i]nnocence or lack of intention is of greater relevance to the fashioning of remedies for infringement rather than the substantive question whether infringement has taken place"). Accordingly, Blumhouse and Overlord did not need to have knowledge they were producing a movie based on infringing material in order to be found liable for copyright infringement.

**2. Blumhouse and Overlord should not be dismissed as a matter of law since the Court overlooked material facts, which mandate these Defendants remain part of the case.**

Plaintiff's Motion should also be granted because the Court failed to consider the material and uncontroverted fact that Blumhouse and Overlord, along with Universal, Platinum Dunes, and Why Not, "all produced *The Purge*." *See* SAC,

Dkt. No. 30 at page 7, ¶ 33. This fact is material because as producers of *The Purge*, Blumhouse and Overlord are liable as infringers of Plaintiff's copyright for preparing an unauthorized derivative work of Plaintiff's screenplay *Settler's Day*, for copying a substantial amount of wholly original elements from Plaintiff's Screenplay *Settler's Day* to make the motion picture *The Purge* without permission, and for intentionally broadcasting, distributing, publishing, selling, conveying and otherwise exploiting *The Purge* without authorization of the Plaintiff.

Again, pursuant to 17 U.S.C. §106, the owner of copyright is granted a number of exclusive rights and any person that violates one of these exclusive rights by "using or authorizing the use of the copyrighted work in one of the...ways set forth in the statute…" is considered a copyright infringer. Sony Corp. of Am. v. Universal City Studios, Inc. 464 U.S. 417, 433 (1984). Defendants violated a number of exclusive rights of the plaintiff, including his right to prepare a derivative work, and right to reproduce the work.

First, by producing *The Purge* without permission of the Plaintiff, the defendants violated the Plaintiff's exclusive "right to prepare a derivative work." 17 U.S.C. §106(2). *See* Mirage Editions, Inc. v. Albuquerque A.R.T. Co., 856 F.2d 1341, 1343 (9th Cir. 1988) (holding defendant liable as an infringer of plaintiff's copyright when defendant prepared an unauthorized derivative work of plaintiff's art work). Under 17 U.S.C. §101, a derivative work is defined as a "work based upon one or more preexisting works, such as a... motion picture version." *The*

*Purge* is based upon Plaintiff's preexisting screenplay *Settler's Day*, and therefore may be considered a derivative work of Plaintiff's screenplay.  A "motion picture is a derivative work" of a motion picture screenplay. Maljack Prods., Inc. v. UAV Corp., 964 F. Supp. 1416, 1420 (C.D. Cal. 1997) aff'd sub nom. Batjac Prods. Inc. v. GoodTimes Home Video Corp., 160 F.3d 1223 (9th Cir. 1998).  A producer of a motion picture has a variety of responsibilities that are integral to the preparation of a motion picture, including, but not limited to, "...generat[ing] enthusiasm of the various creative elements as well as to bring them together," "....search[ing] out viable locations which would be proper for the artistic side of the production…," "creat[ing] a budget....," and "supervis[ing] the execution of the script [and the] implementation of it onto film." Blaustein v. Burton, 9 Cal. App. 3d 161, 167 (1970).  Accordingly, as producers of *The Purge*, Blumhouse and Overlord played a fundamental role in the unauthorized preparation of *The Purge* based on Plaintiff's infringed material.

Second, by copying a substantial amount of "wholly original elements from Plaintiff's Screenplay *Settler's Day*, without...permission" to make *The Purge*, as alleged in Paragraph 48 of the SAC, the defendants violated the exclusive right of Plaintiff to "reproduce the copyrighted work in copies…." 17 U.S.C. §106(1). *See* Nimmer on Copyright 8.01(b) (stating "[t]he fact that a work in one medium has been copied from a work in another medium does not render it any less a 'copy'"); *see also*, 2-8 Nimmer on Copyright § 8.11 (stating "...the reproduction of the

essential substance of an author's expression constitutes copying, even though his work is altered in the reproduction or is reproduced in a different medium or form.")  As defined in 17 U.S.C. §101, a "copy" is a "material object… in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." In order to infringe this reproduction right, "the defendant must embody the plaintiff's work in a 'material object.'" Nimmer on Copyright 8.02(B)(1).  In the instant case, as producers of *The Purge*, Overlord and Blumhouse embodied Plaintiff's script in the form of a film, thereby fixing Plaintiff's work in a material object and becoming liable for copyright infringement.

Third, by intentionally broadcasting, distributing, publishing, selling, conveying, and otherwise exploiting *The Purge* without authorization of the Plaintiff, as alleged in Paragraph 49 of the SAC, the defendants violated the Plaintiff's exclusive right to "distribute copies or phonorecords of the copyrighted work to the public by sale…" and the Plaintiff's exclusive right to "...perform the copyrighted work publicly." 17 U.S.C. §106(3)(4).

17 U.S.C. §106(3) provides a copyright owner with the exclusive right to publish his work. Publication, as defined by U.S.C. §101, means "the distribution of copies… of a work to the public by sale…." Producers are responsible for licensing out a film's distribution rights to distributors and distributors are then responsible

for publishing and exhibiting the film to the public. This act of licensing the rights to distributors is sufficient to hold the producers liable for infringement of Plaintiff's publication right. See <u>Kalem Co. v. Harper Bros.</u>, 222 U.S. 55, 63 (1911) (holding that the producer of an unauthorized film adaptation of a copyrighted book was secondarily liable for infringement for his sale of the film to parties responsible for the film's exhibition); <u>Am. Vitagraph, Inc. v. Levy</u>, 659 F.2d 1023, 1029 (9th Cir. 1981) (quoting the House Report on Copyright stating "...17 U.S.C. 101 makes clear that 'offering to distribute copies' of 'motion pictures' to a group of persons for purposes of… public performance… constitutes publication'"); see also <u>Copyright Office Circular 14</u>: Copyright in Derivative Works and Compilations (stating "[t]he offering to distribute copies or phonorecords to a group of persons for purposes of further distribution… constitutes publication").

In the case of "literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works," 17 U.S.C. §106(4) provides a copyright owner the exclusive right to perform the copyrighted work publicly. Screenplays are considered dramatic works, and therefore Plaintiff had the exclusive right to publicly perform it. See <u>Nimmer</u> § 2.06 ("A screenplay… is clearly a dramatic work."). As defined in 17 U.S.C. §101, to "perform" a work means to "recite, render, play, dance, or act it, either directly or by means of any device or process" and to perform a work "publicly" means "to perform... it at a place open to the public or at any place where a substantial number of persons

outside of a normal circle of a family and its social acquaintances is gathered." By making and rendering a film based on Plaintiff's script and releasing the film in theaters to audiences nationwide, defendants performed Plaintiff's work publicly without Plaintiff's authorization.

**3.    The Court did not provide Plaintiff the opportunity to argue this issue on the merits and Plaintiff is not rearguing these issues.**

Neither the Defendants' moving papers nor the May 18th hearing gave Plaintiff any indication that the Court might rule that access, and, therefore, copyright infringement would need to be alleged directly as all defendants.  *See*, Dkt. Nos. 34-37; and Transcript of May 18, 2015 Hearing.[1]  If Plaintiff was given such notice, he could have properly prepared a rebuttal to such argument by citing to established copyright law.  Not being given the opportunity to do so does not give these defendants the right to avoid litigating the case when they are just as liable as others still named as Defendants.  *See*, <u>Solis v. United States</u>, 2010 U.S. Dist. LEXIS 135820, *10 (E.D. Cal. Dec. 22, 2010) (Court granting plaintiff's motion for reconsideration based on clear error of the court after finding that the purpose of the motion was not to reargue claims that were previously decided by the court, but to point out that claims and evidence were submitted that were

---

[1] In fact, the Court's Tentative Ruling for the May 18th hearing did not mention that dismissal of certain defendants was on the Court's horizon based on alleged insufficient access pleading and the court's subsequent Order in that regard was the first time this issue was raised in this case.

mistakenly overlooked in the court's order.)  Here, Plaintiff had no reason to believe this issue of access as pertaining to certain defendants would be dispositive as to others.  Again, had he known this, the established caselaw and copyright statutes referenced herein would have been immediately briefed for the Court.

**4.      The Motion is timely.**

Rule 54(b) of the Federal Rules of Civil Procedure states in part that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties… may be revised _at any time before the entry of a judgment_ adjudicating all the claims and all the parties' rights and liabilities (emphasis added)" Fed. R. Civ. P. 54(b); _See also_ Credit Suisse First Boston Corp. v. Grunwald, 400 F. 3d 1119, 1124 (9th Cir. 2005) (recognizing "the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory").  Here, the Court has the discretion to modify or overturn interlocutory orders, such as its Order granting the Defendants' 12(b)(6) motion as to Blumhouse and Overlord and dismissing the Plaintiff's declaratory relief claim.

Furthermore, Plaintiff did not delay in filing the Motion since the parties have only recently completed the meet and confer process.  In fact, Plaintiff and Defendants began conferring almost immediately after the Order was issued; the meet and confer process took well over two (2) months due to the issues raised herein and counsel's scheduling conflicts.  Once the parties completed their

substantive dialogue and realize that Plaintiff's concerns with the Order would not be resolved informally, the parties began discussing a hearing and briefing schedule. *See,* Dkt. No. 80 (Stipulation and Briefing Schedule filed September 9, 2015).

Plaintiffs' Motion is also proper under Rule 60(b), which provides that a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b).

## IV. CONCLUSION

For the reasons discussed above, Plaintiff respectfully submits that there is just cause for granting Plaintiff's Motion for Reconsideration and denying the Defendants' motion to dismiss as to Blumhouse and Overlord.

Respectfully submitted,

Dated: 11 September 2015

LOWE & ASSOCIATES P.C.

*/s/ Steven T. Lowe*

STEVEN T. LOWE
ALEKSANDRA HILVERT
Attorneys for
PLAINTIFF DOUGLAS JORDAN-BENEL