UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV–14–5577–MWF (MRWx)**               Date: **November 20, 2015**
Title:    Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

      Deputy Clerk:                              Court Reporter:
      Rita Sanchez                              Not Reported

      Attorneys Present for Plaintiff:      Attorneys Present for Defendant:
      None Present                           None Present

**Proceedings (In Chambers):**  ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 24, 2015 ORDER

      Before the Court is Plaintiff Douglas Jordan-Benel's Motion for Reconsideration of the Court's June 24, 2015 Order (the "Motion"), filed on September 9, 2015. (Docket No. 82). Defendants Blumhouse Productions, LLC and Overlord Productions, LLC submitted an Opposition to the Motion on September 28, 2015, and Plaintiff's Reply followed on October 13, 2015. The Court reviewed and considered the parties' submissions and deemed the matter appropriate for decision without a hearing. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing set for **October 26, 2015**, was therefore removed from the Court's calendar.

      The Motion is **DENIED**. Plaintiff's argument that the Court erred in its prior ruling is based on old facts and old law that were known to Plaintiff from the very beginning of this litigation. Because the Motion is improper under the Local Rules of this District, the Court declines to revisit its previous conclusion.

## Background

      Plaintiff alleges that the feature film *The Purge* is based in substantial part on a screenplay he wrote for a movie called *Settler's Day* (the "Script"). (Second Amended Complaint ("SAC") ¶ 30 (Docket No. 30)). Plaintiff registered the Script with the Writers Guild of America and submitted it to Defendant United Talent Agency, Inc. ("UTA"). (*Id.* ¶¶ 16, 18-19). Although Plaintiff hoped to ultimately sell the Script to

---

      **CIVIL MINUTES—GENERAL**                      1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV–14–5577–MWF (MRWx)**               Date: November 20, 2015
Title:      Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

one of UTA's clients, UTA informed Plaintiff that it was going to "pass" because it "had a difficult time buying into the premise of *Settler's Day*." (*Id.* ¶¶ 20-22, 24). But according to Plaintiff, UTA did not simply discard the Script but transmitted it to Defendant DeMonaco, who then used it to create *The Purge*. (*Id.* ¶¶ 31-32). Defendants Universal City Studios ("Universal"), Blumhouse Productions LLC ("Blumhouse"), Overlord Production LLC ("Overlord"), Platinum Dunes Productions ("Platinum Dunes"), and Why Not Productions ("WNP") (collectively, "Production Defendants") then purportedly produced *The Purge*. (*Id.* ¶ 33).

On February 27, 2015, Plaintiff filed the SAC alleging five claims for relief: (1) a copyright infringement claim regarding *The Purge* against Production Defendants; (2) a copyright infringement claim regarding the shooting script of *The Purge* against Production Defendants; (3) a contributory copyright infringement claim against UTA; (4) a breach of implied-in-fact contract claim against UTA, DeMonaco, and WNP; and (5) a claim for declaratory relief against Production Defendants seeking a determination and declaration of Plaintiff's rights as well as credit and payment arising from the production and sale of *The Purge*. (*Id.* ¶¶ 46–79).

Shortly thereafter, Defendants collectively filed a total of four motions to strike and dismiss. (Docket Nos. 35, 36, 37). The Court examined the sufficiency of allegations with respect to each claim in the SAC and issued an Order granting in part and denying in part Defendants' motions. (Order re Defendants' Motions to Dismiss and Motions to Strike ("June 24 Order") (Docket No. 62)). As to the copyright claims against Production Defendants, the Court explained that Plaintiff "must allege facts suggesting a 'reasonable opportunity' or 'reasonable possibility' of viewing the plaintiff's work." (*Id.* at 15). The Court determined that the SAC pleaded such facts with respect to all Production Defendants except for Blumhouse and Overlord. (*Id.* at 17). Although Plaintiff alleged that Blumhouse and Overlord produced *The Purge*, "there are no allegations that they had any access to the Script, or were aware that the screenplay for *The Purge* may have been based on another work." (*Id.*). The Court thus dismissed the copyright claims against those two entities without leave to amend. (*Id.* at 18).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV–14–5577–MWF (MRWx)**           Date: **November 20, 2015**
Title:    Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

Plaintiff now claims that Blumhouse and Overlord should not have been dismissed and that "the Court simply made a mistake, which should be corrected." (Reply at 3).

**Discussion**

Motions for reconsideration are "disfavored and [] rarely granted" for obvious reasons: litigation could be prolonged indefinitely if the parties were permitted to challenge the accuracy of every interlocutory order. *See Grigoryan v. Experian Info. Sols., Inc.*, No. CV 13-07450 MMM, 2015 WL 1909584, at *1 (C.D. Cal. Apr. 27, 2015). The Local Rules of this District thus permit litigants to file motions for reconsideration on only the following grounds:

1. a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision;

2. the emergence of new material facts or a change of law occurring after the time of such decision; or

3. a manifest showing of a failure to consider material facts presented to the Court before such decision.

Local Rule 7-18.

In other words, if a dissatisfied party requests the court to reexamine a prior order based on old facts and old law that should have been known at the time of the ruling, the motion for reconsideration must be denied. *See Kinetics Noise Control, Inc. v. ECORE Int'l, Inc.*, No. CV 10-7902 PSG JEMX, 2011 WL 940335, at *1 (C.D. Cal. Mar. 14, 2011) ("A motion for reconsideration is not an opportunity for the parties to raise an argument that could have, and should have been raised earlier."); *Brown v. United States*, No. CR 03-847 ABC, 2011 WL 333380, at *3 (C.D. Cal. Jan. 31, 2011) ("The local rules prohibit parties from repeating arguments in a motion for reconsideration. The vast majority of Petitioner's arguments assert that, in denying his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV–14–5577–MWF (MRWx)**         Date: **November 20, 2015**
Title:       Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

habeas petition, the Court 'overlooked' various arguments he had presented. . . . Other than his conclusory assertions that these arguments were 'overlooked,' Petitioner makes no showing that the Court did not actually consider them."); *Grigoryan*, 2015 WL 1909584, at *1 (C.D. Cal. Apr. 27, 2015) ("Reargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."). Importantly, a litigant's belief that a court "erred" in its prior ruling is not a valid basis for reconsideration under Local Rule 7-18. *See Ketab Corp. v. Mesriani Law Grp.*, No. 2:14-CV-07241-RSWL, 2015 WL 2084469, at *2 (C.D. Cal. May 5, 2015) ("Plaintiff's first ground, that the Court committed 'clear error' resulting in a manifestly unjust decision, is not a permitted ground for reconsideration under Local Rule 7–18.").

Plaintiff makes two arguments in favor of reconsideration. Both arguments fail under the standard established by Local Rule 7-18:

First, Plaintiff contends that the Court failed to consider "the material and uncontroverted fact that Blumhouse and Overlord, along with Universal, Platinum Dunes, and Why Not, 'all produced *The Purge*.'" (Motion at 9). But Plaintiff is gravely mistaken. The Court explicitly considered this allegation, holding that "Plaintiff alleges that ***these entities produced The Purge*** but there are no allegations that they had any access to the Script . . . ." (June 24 Order at 17). Not only was ***this*** purported "material fact"—or rather, allegation—considered in the Court's previous ruling, ***all*** of Plaintiff's allegations were taken in to account even if not explicitly mentioned in the June 24 Order. Even Plaintiff's conclusory claim that Defendants "broadcast, distributed, published, sold, conveyed and otherwise exploited '*The Purge*'" (Reply at 1) was given its due weight. Reconsideration of the Court's conclusion is thus improper.

Second, Plaintiff argues that he "was not required to allege access to Blumhouse and Overlord." (Motion at 6). According to Plaintiff's new theory, if "copyright infringement [is successfully alleged] against one defendant, that is sufficient to allege copyright infringement against any defendant in the chain of distribution that violates an exclusive right of the Plaintiff." (*Id.* at 6-7). Even accepting the dubious

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV–14–5577–MWF (MRWx)**           Date: **November 20, 2015**
Title:      Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

---

proposition that the SAC contains facts showing that Blumhouse and Overlord were in the "distribution chain of the infringing work," nothing indicates that Plaintiff could not have raised these arguments before the Court's June 24 Order. Indeed, Plaintiff's theory is based on old law that was certainly known or should have been known at the time of the challenged ruling. The Court thus declines to reexamine its previous conclusions.

In an attempt to avoid this result, Plaintiff claims that "neither the Defendants' moving papers nor the May 18th hearing gave Plaintiff any indication that the Court might rule that access, and, therefore, copyright infringement would need to be alleged directly as all [sic] defendants." (Motion at 14). And if Plaintiff were provided with such notice, "he could have properly prepared a rebuttal to [this] argument by citing to established copyright law." (*Id.*). Plaintiff is again mistaken. Whether allegations made it plausible that Production Defendants had access to the copyrighted work was ***the central issue on Defendants' motions***. It was incumbent on Plaintiff—not the Court—to argue that if access could be established as to only one Production Defendant, then access should be presumed as to all.

Defendants, moreover, focused in their Rule 12(b)(6) motion to arguing that Plaintiff failed to plausibly allege access. In the opening papers Defendants emphasized as follows:

> Plaintiff's SAC fails to plausibly allege that ***any*** of the Film Defendants had access to his Screenplay. The SAC does not allege (and cannot allege) that Plaintiff or his manager provided a copy of his Screenplay directly to any of the Film Defendants, or ever contacted any of them about the Screenplay. Indeed, there is not a single allegation in the SAC that ***any*** of the Film Defendants ever read or even knew about Plaintiff's Screenplay.

(Motion to Dismiss Second Amended Complaint at 35 (Docket No. 35) (emphasis in the original)).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV–14–5577–MWF (MRWx)**               Date: November 20, 2015
Title:    Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

    More important still, the Defendants' reply brief expressly referenced Blumhouse and Overlord as well as Plaintiff's failure to articulate a theory of liability:

> Although Plaintiff has brought his copyright infringement claims against all of the Film Defendants, his Opposition does not identify any facts from this Court could infer that defendants Universal, Platinum Dunes, Blumhouse, or Overlord ever had access to his Screenplay. ***Indeed, Plaintiff's Opposition does not even articulate a theory of access as to these defendants***, let alone allege factual content that would support an inference of access.

(Reply in Support of Motion to Dismiss Second Amended Complaint at 3-4 ("MTD Reply") (Docket No. 54) (emphasis added)).

    Plaintiff thus cannot reasonably claim that he could not have foreseen dismissal of Blumhouse and Overlord. While Plaintiff points out that the motion to dismiss "argued that Plaintiff failed to allege access as to *any* defendant, not these particular Defendants" (Reply at 7 (emphasis in the original)), the distinction is hardly relevant to the present inquiry. If Plaintiff wished to argue that access should be presumed as to Blumhouse and Overlord, he should have done so then, not now. It goes without saying that when faced with an argument that the SAC "fails to articulate a theory of access as to [Production Defendants]" (MTD Reply at 3-4), Plaintiff should have brought up his current theory that "there does not need to be access as to each defendant for additional defendants to be liable for copyright infringement" (Motion at 1).

    Plaintiff's Motion therefore amounts to nothing more than a challenge to an adverse Order by an aggrieved litigant. Plaintiff does not raise any facts or law that could not have been raised on Defendants' previous motions. If the Court were to entertain Plaintiff's substantive arguments, nothing would ever get decided. Local Rule 7-18 prohibits such an outcome.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV–14–5577–MWF (MRWx)**  Date: **November 20, 2015**
Title:     Douglas Jordan-Benel -*v*- Universal City Studios, Inc., et al.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.